Ballwin, J.
delivered the opinion of the court.
The court is of opinion, that the purchase by the executor Bailey of the land in the proceedings mentioned, at the sale thereof ma.de by him and his coexecutor, was in itself a violation of his duty as trustee ; and an invasion of the rights of his cestuis que trust; who are entitled to redress in a court of equity. According to the general rule in such cases, though the sale may have been irregularly and fraudulently conducted, and the property sold for less than its value, the proper mode of relief is not to subject the trustee to payment of the actual value of the land, at the time of the sale, upon the conjectural estimate of witnesses; hut, at the election of the cestuis que trust, to direct a resale at a proper upset price. A mere depreciation since the trustee’s purchase, in the market value of the property, arising from a change in prices, does not warrant an exception to this general rule; the more especially in a case like this, in which no depreciation whatever is charged by the complainants, in either their original or amended hill. The court is therefore of opinion, that the said decree of the circuit court is erroneous, in requiring the appellants the representatives of said Bailey to retain the said land at the price fixed by the court; instead of directing a resale thereof at a proper upset price; to be ascertained by an account, debiting the price at which the land was purchased by said Balley, with interest thereon, and with any substantial apd permanent improvements made by said Bailey on thé land since his purchase; and crediting the rents or profits of the land since his purchase, except during the enjoyment thereof by the testator’s family. The balance of such account, with the addition thereto of a reasonable allowance for the commission and charges of resale, is the sum at which the land on a resale should be set up, on a credit of 12, 18 and 24 months, for equal instalments of the purchase money, with interest on those instalments from the day of sale. If the land should *10 not sell for more than the upset price, the purchase heretofore made by said Bailey should in all respects stand confirmed; and the purchase money and interest thereon remaining due, after crediting, at the proper dates, any Payments made on account thereof; and after also crediting the rents or profits of the land since said Bailey’s purchase, during the period of the enjoyment thereof by his testator’s family, paid into court for distribution amongst the appellees, and those claiming under them, according to their respective rights. If the land should sell beyond the upset price, then the former sale should be vacated; and the case further proceeded in, by causing the purchase money on such resale to be paid; and a proper conveyance to be made to the purchaser ; and the proceeds of sale applied, first to pay the charges of sale, and secondly to the administrators of said Bailey the amount of his permanent improvements aforesaid; and thirdly any payments made by him on account of the original purchase money, with interest thereon; and the residue to be distributed amongst the appellees, and those claiming under them, according to their respective rights. And the court is further of opinion that the said decree is also erroneous in prematurely deciding upon the claim of Lawler to the shares of Mary and Henry Robinson in the estate of the decedent Dixon Robinson; the said Lawler not being a party in the cause, and that he ought to be made a party by the proper proceedings. It is therefore ordered and decreed that so much of the said decree of the circuit court as is in conflict with the principles above declared, be reversed and annulled, with costs to the appellant; and the cause is remanded to the said circuit court, to be further proceeded in according to the principles of this decree, and of so much of said decree of the circuit court as is not in conflict therewith, and for the further enquiries before a commissioner directed by that decree; and for the decision of such questions in the cause as have not yet been adjudicated, and for a final decree.