# Wheeling.

WILLIAM D. SNIDER vs. JAMES W. BROWN et al.

| 3 | 143 |
| 66 | 306 |
| 66 | 374 |

January Term, 1869.

S. conveyed to W. a tract of land on condition that he should pay certain parties, who subsequently became the heirs and legatees of S., certain sums of money to become due and payable annually after his death. One of the legatees and her assignee of a part of the sum bequeathed to her, brought a bill after the death of S. to subject the land, there being but little personal estate, or the sum due thereon from W., to payment of their claims. The administrators with the will annexed and W. only were made parties defendant. The court decreed that the complainant's claims and the debts due sundry creditors be paid by W., and in default thereof, that the land be sold. HELD:

1. That the remaining legatees, who were entitled to the residuum of the proceeds of the sale, ought to have been parties.

2. It appearing by the answer of W. that there was a judgment creditor, he ought to have been made a party.

3. The decree below was erroneous because it did not say against whom the recovery of the complainants was had, whether against the administrators or W.

4. None of the creditors having been made parties to the suit it was erroneous to render a decree in their favor against the estate.

5. The decree below was further erroneous because it ordered that unless W. should pay off a sum amounting to 991 dollars and 58 cents in thirty days after it was rendered, the land should be sold, when by the terms of the deed there was at most about 700 dollars due in the annual payments provided for in the deed.

In 1862, James W. Brown and Catherine Snider filed a bill in the circuit court of Preston county, against Jacob Snider and Samuel W. Snider, administrators with the will annexed of Jacob Snider, Sen., deceased. The bill alleged that Snider made his will in June, 1859, and died in 1860; that it was provided in the will that complainant Catherine, who was the widow of the testator, should have 400 dollars,

100 dollars to be paid at the death of the testator and the residue in annual payments of 50 dollars each. The residue was to be equally divided between certain legatees named in the will, a part of his children. That the complainant J. W. Brown bought a part of complainant Cathcrine's share, to-wit: the sum due at the death of the testator. That there was no real estate of the testator, and but little personal estate except the proceeds of the sale of a farm made in 1858, to one William D. Snider, a son of the testator, and who was to pay according to the provisions of the will and also the terms of the deed, the sum of 1,300 dollars to the legatees of the will; that it was expressed in the deed that William W. Snider was to have credit for sums paid out for the use of the testator, on the 1,300 dollars expressed in the deed as the consideration. The bill further alleged that the personal estate would be less than 100 dollars, and the debts against the estate would be more than four times that sum; that the administrators refused to pay the debt of the complainant Brown, and that there was ample funds due from William D. Snider to pay it, and that the administrators should have collected the same and paid complainant's debt. The bill prayed that the administrators and William D. Snider be made parties, and that the former be required to settle their accounts, and that the land sold to William D. Snider be decreed to be sold to pay the debts of the complainant if he did not pay the amount due from him on the land.

The answer of William D. Snider alleged the want of parties to the suit to enable a settlement of the whole estate, and mentioned a judgment creditor by name; that he entered into an agreement, which was subsequently confirmed by the deed for the land, with his father the testator, in 1858, whereby it appeared that the defendant was to pay the 1,300 dollars in the manner heretofore mentioned, and that for any money advanced to the testator before his death, or before the time when the whole sum should be paid by the defendant he was to have a credit therefor with interest from the time of payment, and that he had paid large sums

accordingly, which he set out by exhibits. These items of account do not appear to have been regarded by the commissioner, by the court below, nor by this court.

The cause was referred to a master commissioner who reported the sum of 31 dollars and 80 cents due from the administrators; that William D. Snider owed the estate of Jacob Snider 1,300 dollars, 100 dollars whereof was due on the 6th of May, 1860, and 100 dollars annually thereafter; that there was due the complainant Brown out of the 1,300 dollars, 136 dollars and 60 cents with interest on 100 dollars from June 13th, 1866, the date of the report, and to complainant Catherine 409 dollars and 80 cents with interest on 300 dollars, parcel thereof, from the same period. The report further showed that there was due from the testator's estate to various creditors who were named, sums amounting in the aggregate to 445 dollars and 18 cents, which, together with the sums due the complainant, were decreed in June, 1866, to be paid out of 1,300 dollars due from William D. Snider. And it was also further decreed that unless William D. Snider pay the sums thus decreed the parties, within thirty days from the date of the decree, that the tract of land purchased by him be sold in the usual manner, &c.

From the decree ordering a sale of the land William D. Snider appealed.

*C. Boggess* for the appellant.
*Stanton & Allison* for the appellees.

BERKSHIRE, J. The children and heirs of Jacob Snider (except Allan J. Snider and Elizabeth Taylor who are excluded) mentioned in his will, and also in the deed from him to the defendant William D. Snider are entitled to the *residuum* of the proceeds of the sale of the real estate so conveyed by the former to the latter, whether they take under the will or the deed. They were therefore directly interested in the subject matter of this suit and should have been made parties, to enable them to contest the right of the

complainants and creditors to recover, and also to see that the accounts of the administrators were properly settled.

It was plainly erroneous, therefore, to proceed to decree in the cause without bringing them before the court. 3 Mun., 29; 1 Ran., 73; 4 Ran., 451, and Story's Equity Pleadings, pages 87, 88, sections 75, 76a and 76b. And it having been suggested in the answer of William D. Snider that George W. Fairfax was a judgment creditor of the testator Jacob Snider, having a lien on said real estate, I think he should have been made a party also.

The final decree, it seems to me, is in several material respects erroneous on its face. First, after reciting that there is due to the complainant Brown the sum of 136 dollars and 60 cents, and to the complainant Catherine Snider the sum of 409 dollars and 80 cents, being the residue of the legacy bequeathed to her by the will of Jacob Snider, including interest, and also to sundry creditors the aggregate sum of 445 dollars and 18 cents, as shown by the master's report, making a total of 991 dollars and 58 cents, it is decreed that the complainants and creditors *recover* the sums respectively due to them without saying against *whom* the recovery is had, whether against the administrators or William D. Snider or against all of them jointly. This, it appears to me, was improper, as the decree especially in favor of the creditors (if they were entitled to any) could only be against the administrators to be levied *de bonis testatoris.* And, moreover, it is clear, that those of the creditors who had already recovered judgments against Jacob Snider in his life time, or against his administrator since his death were not entitled to any further recovery. But as, in fact, none of the creditors were parties to the suit, it was, I think, erroneous to render a decree in favor of any of them for their debts against the estate.

Again, the decree further provides that unless the sums so found due to the complainants and creditors, amounting together to the sum of 991 dollars and 58 cents, be paid within 30 days from the date of the decree that the said tract of land be sold; when it plainly appeared both from

the master's report and the deed aforesaid that there was, at most, only about 700 dollars of the purchase money then due and payable from the said William D. Snider according to the explicit terms of the deed under which he claims the lands decreed to be sold.

The defendant William D. Snider claims in his answer that he had fully paid the purchase money to Jacob Snider in his life time, and files sundry bonds which he alleges were executed by him for the same and paid off and lifted. This needs explanation, these bonds do not correspond in date, the time of payment, nor the terms of his contract as set out in the deed under which he claims the land, and no testimony was offered by him to prove the execution of the bonds or explain this striking discrepancy.

The decree must be reversed with costs to the appellant here and the cause remanded to the circuit court for further proceedings there to be had in accordance with the principles herein declared.

The remaining members of the court concurred.

DECREE REVERSED.