Joynes J.
delivered the opinion of the court.
The court is of opinion that it appears, from the-evidence in the cause, that the appellant, Fleming' Howery, was the real purchaser of the land in the' proceedings mentioned, at the sale made by him on the 20th day of March, 1863, as commissioner of the *7 County court, under the decree of that court, rendered at February term, 1863, although John W. Helms was the nominal purchaser, and was by the said Howery reported to the said county court as the real purchaser, and that such purchase by the said Howery, at his own sale, was fraudulent in contemplation of law; and that any party interested was entitled to have the said sale set aside and annulled, as of course, without proof of actual fraud, according to the principles recognized by this court in the cases of Buckles v. Lafferty, 2 Rob. R. 292; and Baily’s adm’x v. Robinsons, 1 Gratt., 4. And further, that the said Fleming Howery was guilty of a fraud upon the said County court, as well as upon the plaintiffs in this cause, in falsely reporting to the said County court that the said John W. Helms was the real purchaser; and in procuring from the said County court, by means of the said false representation, a confirmation of the said pretended sale to the said John ~W. Helms.
The court is further of opinion that, by reason of the said illegal and fraudulent conduct of the said Fleming Howery, it was competent for the- plaintiffs in this cause to file their bill in the Circuit court, to have the said sale, and the deed from the said Fleming Howery, commissioner, to the said John "W. Helms, and the deed from the said John W. Helms to the said Fleming Howery, set aside and annulled, without resorting to the said County court for relief; and the more especially, since the said plaintiffs were non-residents of this Commonwealth, and were ignorant of the said illegal and fraudulent conduct of the said Fleming Howery until after a final decree had been rendered in the said County court at September term, 1863.
The court is further of opinion, that it was competent for the said Circuit court to proceed in this cause to give the plaintiffs full relief, by a partition or sale of the land in the proceedings mentioned; and that, al *8 though, in a suit for the partition of land, it is the duty the court, before making a decree for a sale, to ascertain by an enquiry by a commissioner, or otherwise, ^at partition cannot be made in some of the modes provided by the second and third sections of chapter one hundred and twenty-four of the Code, without a sale; yet, inasmuch as no such enquiry was asked in the Circuit court, and the appellants did not suggest to the said court, in their answer or otherwise, that partition of the said land could be made without a sale, and as the appellants procured the decree for sale made in the County court, the appellants cannot raise the objection in this court that the propriety of a sale was not ascertained by the Circuit court, and insist upon it as a ground for reversing the decree of that court.
The court is further of opinion that, although it is the usual and proper course in ordering a resale, in cases like the present, to direct the property to be offered at an upset price, that practice is adopted for the advantage of the parties interested in the property, and for whose benefit the resale is to be made, so that the said Fleming Howery cannot object to the decree of the Circuit court upon the ground that it contains no such direction. And as the appellants, George M. Helms, John ~W. Helms, and Tazewell Helms, have received from said Fleming Howery their several shares of the proceeds of the sale made under the decree of the County court, and with a full knowledge of all the facts, insist that the said sale ought to stand and be confirmed, the court is of opinion that they must be taken to have ratified the said sale, and that the shares of the proceeds of the sale to be made under the decree of the Circuit court, which would otherwise have belonged to them, will belong to the said Fleming Howery; so that the said appellants cannot object to the decree of the Circuit court, because it does not direct the property to be offered at an upset price.
*9 The court is further of opinion that, inasmuch as the sale of the land, and the title of the appellant, Fleming Howery, are set aside and annulled in consequence of the illegal and fraudulent conduct of said Fleming Howery, he has no right to throw upon the appellees any risk of loss from the investment in the bonds of Floyd county; and that all that he can properly ask is that said bonds shall be delivered to him as his own property, as directed by the said Circuit court.
The court is therefore of opinion that there is no error in the principles of the said decree of the said Circuit court.
But the court is of opinion that the said Circuit court ought to have directed an enquiry to ascertain what is the interest of Hambleton Helms in the land in the proceedings mentioned, and that the said land should not be sold until after such enquiry had been made and the result thereof ascertained; and further, that the said Circuit court should not have directed the said Fleming Howery to convey the land in the proceedings mentioned to the heirs of John "W. Helms, dec’d, as such a conveyance is not necessary, and it would have the effect of vesting interests in the said land in the appellants, George M. Helms, John W. Helms, and Tazewell Helms, who are not entitled to any such interest; and that the said decree of the Circuit court ought to be corrected and amended in those particulars.
Therefore, it is decreed and ordered that the said decree of the said Circuit court be amended in the particulars before mentioned, and that the said decree, as so amended, be affirmed; and that the appellants pay to the appellees their costs by them expended in this court, and thirty dollars damages; which is ordered to be certified to the said Circuit court of Floyd county.
Decree amended and affirmed.