# CHARLESTON.

## Rayburn *v.* Rayburn.

Submitted November 11, 1890.—Decided December 10, 1890.

1. Administrator—Clerk of County Court.

Where the clerk of the County Court during the recess of the regular sessions of such court appoints an administrator, taking from him the necessary bond, the powers of such administrator are not inchoate, needing confirmation by the court before he can act; but he becomes at once the administator as of right as well as in fact for the time being, who may and should at once proceed to discharge the duties of his office.

2. Administrator—Clerk of County Court.

If his appointment is not confirmed, yet, if valid in the beginning, the order of appointment made by the clerk should not be set aside and annulled, but the court should revoke his letters of administration, or rather order that his powers cease.

(By a divided Court.)

*Tomlinson & Wiley* for plaintiff in error, cited: 30 W. Va. 212; Code, c. 118, ss. 1–3; Code, c. 85, ss. 4, 5.

*Simpson & Howard* and *J. B. Menager* for defendant in error, cited:

Code, c. 118, ss. 2–4; 83 Va. 338; 82 Va. 359; Freem. Judgts (30 Ed.) §§ 117, 118 and notes to § 123.

Holt, Judge:

On the 9th day of December, 1888, Alexander Rayburn, late of Mason county, departed this life intestate. On the 4th day of May, 1889, more than thirty days having elapsed since the death of the intestate, and no distributee having applied for administration, the clerk of the County Court of Mason county appointed James A. Rayburn temporary administrator of the goods and chattels of the decedent.

At the same time the clerk appointed three persons to appraise the personal property, who returned their appraisement on the 6th day of May, 1889. On the 2nd day of July, 1889, Sarah Rayburn presented her petition to the County Court stating the foregoing facts, and that she was the widow of Alexander Rayburn, and was entitled to preference in the appointment of administrator, but had not availed herself of such privilege, because she was ignorant of the law and of her rights in the premises, and asking that the order made by the clerk might be set aside, and that she might be appointed and allowed to qualify as administratrix of the personal estate of her deceased husband. On the 2nd day of July, 1889, the County Court, after reciting, among other things, that Sarah Rayburn, widow of Alexander Rayburn, deceased, had filed her petition objecting to the confirmation of the order made by the clerk in vacation appointing James A. Rayburn, ordered that said order made by the clerk on the 4th day of May, 1889, be set aside and held for naught; that Sarah Rayburn be appointed administratrix of said estate. She thereupon appeared in open court and with her sureties entered into and acknowledged a bond in the penalty of one hundred dollars, conditioned according to law, and the said Sarah Rayburn was granted a certificate for obtaining letters of administration upon the personal estate of the said Alexander Rayburn, deceased, in due form, and she thereupon took the several oaths required by law. On the same day it was further ordered that James L. Rice, Thomas Rayburn, and James Rayburn, after being first duly sworn for the purpose, should truly and justly, in current money, appraise the personal estate of the said Alexander Rayburn, deceased, and the appraisement so made return under their hands to the clerk of the said court.

From this proceeding of the County Court, James A. Rayburn obtained an appeal to the Circuit Court of Mason county, and the Circuit Court, by order of 6th September, 1889, set aside the order of the County Court and sent the case back for further and proper proceedings therein to be had; and the case is now before this Court on writ of error to the order of the Circuit Court.

The law upon the subject is to be found in the constitution of this state (article VIII § 24) and in our Code, (chapter 85, ss. 4, 5, and chapter 118, ss. 1–3). Seeing that there should be a probate court always open, and not intermittently and only four times a year, the constitution gives the County Court jurisdiction of the subject, and says that provision may be made under such regulations as may be prescribed by law for the appointment and qualification of personal representatives during the recess of the regular sessions of the County Court. Our Code provides that the clerk of any County Court, during the recess of the regular sessions of such court, may appoint and qualify administrators, and require and take from them the necessary bond in the same manner and with like effect for the time being, as the county court could do if in session, but no contest as to such appointment shall be heard and determined by such clerk. The appointment so made by the clerk shall be reported by him to the next regular session of the County Court, when, if no objection be made thereto, the court shall confirm the same; but if objections be made by any persons interested, the County Court shall hear and determine the same, and shall proceed in relation thereto in the same manner as if the application for the appointment of such administrator had been made to such court. When the appointment of such administrator is confirmed by the court with or without contest, the same shall be held and treated in all respects as if the appointment had been made by the County Court in the first instance. The appointment made by the clerk needed no confirmation by the court to give it validity "for the time being." After taking the oath and giving bond, the appointee of the clerk became at once the temporary administrator, not an inchoate administrator, who has to wait for confirmation, but an administrator as of right as well as in fact for the time being, and it became his duty to proceed at once to take possession of the personal property, to have the same appraised, and such appraisement and a correct inventory returned to the clerk's office, to sell the property collect the assets, pay the funeral expenses and charges against the estate; in other words, to proceed at once, in

the language of his official oath and the condition of his bond, to faithfully perform the duties of his office to the best of his skill and judgment, to well and truly administer the whole personal estate of his decedent.

These things, as appears by this record, he had proceeded to do; for he had the personal property appraised, and on the 6th of May, 1889, the appraisement was returned and filed. How far he had gone in administering the personal estate does not appear, but he certainly had commenced. And such was his plain duty under our construction, of the statute, a construction as we think, justified by its language, and required to be given as far as it can be by the ordinary exigencies of dead men's estates. But for him there would be no safety, and at least uncertainty and confusion for those dealing with him, if the order of his appointment, valid in the beginning, is open to be wholly set aside and held for naught by the County Court as a matter of course, and so within their discretion and without cause shown.

The proper course for the County Court in such a case would be to have the temporary administrator before it by notice, or otherwise, and if a proper case is made for not confirming his appointment and for the appointment of some other person, to revoke his letters of administration, or order his powers as administrator to cease from that time onward; direct him to account for assets administered and turn over those unadministered to his successor. Before hearing and determining the rights and duties of parties, the common-law requires, that such party shall by notice, or otherwise, have his day in court—his opportunity to be heard; and this rule is so fundamental that it implies that such is the meaning of the statute where it is silent on the subject.

In this case it does not appear that the administrator *pro tempore* had notice. In answer to this, it is said that it was still a pending case to which the temporary administrator was a party. Even if this view is correct, it is not a matter of course that the court will refuse to confirm his appointment, but rather the contrary, if no valid objection be made. This was in part, at least, a distinct proceed-

ing, of which as a matter of convenience and orderly procedure if not of right James A. Rayburn should in some way have had notice. It is difficult to see how the court could make a complete and proper order of that kind without learning from the temporary administrator or from some source the extent to which he had gone in administering the assets. The Circuit Court in its rulings no doubt was influenced by these or like considerations. It did not pass upon the merits of the question of the new appointment, but upon the form and mode of procedure in setting aside and holding for naught the first appointment, and therefore set the order of the County Court aside and remanded the cause to that court for further and proper proceedings therein to be had.

The County Court erred in wholly setting aside and holding for naught a regular and valid appointment made by its clerk. To hold that this means that his powers as administrator shall henceforth cease because the County Court could do no more, is not the proper construction; because when the case arises, this Court may be constrained to hold that the County Court can do more; and to say that we will give it such construction as will give it force and effect consistent with the rules of law, no matter how informal or irregular might do, if it had been confirmed by the Circuit Court; but the Circuit Court has given it the opportunity to reconsider and correct its order in form, if not in effect.

In these *ex parte* probate matters some regard must be given to regular and orderly proceedings; and we are not to say that they did not mean to do a thing, because they had no power to do it. The County Court sets aside the clerk's appointment of an administrator and orders it to be held for naught, acting, no doubt, on the theory that the appointment by the clerk gave a power inchoate and invalid unless confirmed by the court. The order of the Circuit Court also gives them an opportunity to reconsider and avoid another error appearing on the face of these proceedings. The appraisement of the personal property made and returned under oath shows the visible personal property to amount in value *prima facie* to seven hundred and

thirty eight dollars. The law requires the court before granting administration to require a bond in a penalty at least equal to the full value of the personal estate of the deceased to be administered. Code, .c. 85, s. 6. Here they took Mrs. Rayburn's bond in the penalty of one hundred dollars. Concede that it is still a pending suit to which James A. Rayburn is a party, it does not follow as a matter of course that it is proper to make an order dealing with the decedent's property in his hands as a matter of fact as though it was not or never had been in his hands at all, without his appearance, or citation of some kind to show cause against it.

In my opinion the same rule should be applied, because the same reason for the rule exists as was applied in case of *Hutcheson* v. *Priddy*, 12 Gratt. 85. The language of the new order treats the appointment made by the clerk as void or at least as invalid, unless and until confirmed by the court. He might incur the liability of an executor *de son tort;* innocent persons dealing with him upon the faith of the authority conferred by the clerk might be subjected to great embarrassment if not serious loss, while he, without citation or notice of any kind, so that he might be ready to conform his own arrangements with reference to the expected termination of his powers, if not to furnish the court itself with the facts necessary for the intelligent and proper action, is by an *ex parte* order treated as though he had never been an administrator at all. He had rights and interests in the subject. It was not a matter of course that his appointment would not be confirmed, and, in any event, no intelligent action could be taken in the premises without giving the only one who knew, an opportunity to be heard.

If a proper case is shown let the County Court appoint the widow administratrix *de bonis non*, but the court ought to require from her a bond in a penalty at least equal to the value of the personal estate likely to come into her hands to be administered, and unless they have a proper case before them for declaring the clerk's appointment void or invalid from the beginning, let them revoke James A. Rayburn's letters of administration or rather order his powers to cease. They now have an opportunity given them by the

Circuit Court to follow a due and orderly method of procedure, and therefore the order of the Circuit Court should be affirmed.

AFFIRMED BY A DIVIDED COURT.