# CHARLESTON.

LOYD *v.* BLACKBURN *et al.*

Submitted February, 7, 1905.   Decided February 21, 1905.

1. TRESPASS TO REALTY—*Cutting Timber—Injunction to Restrain—Allegations in Bill.*

    A court of equity has jurisdiction to enjoin the cutting and removal of timber growing upon the plaintiff's land, if, in the bill filed for that purpose, it is clearly averred that the plaintiff has good title to the land, and that the defendants cutting and removing the same are insolvent; but if the insolvency is denied by the defendants, the injunction will be dissolved upon motion, unless it appears from the evidence that the defendants are insolvent. (pp. 219, 220.)

Appeal from Circuit Court, Braxton County.

Bill by Orange J. Loyd against Frank Blackburn and others. Decree for defendants, and plaintiff appeals. '

*Affirmed.*

W. E. HAYMOND and DULIN & FOX, for appellant.

HINES & KELLY, for appellees.

SANDERS, JUDGE.

On the 2nd day of November, 1899, John B. Dunlap, attorney in fact for J. H. Holt and R. B. Holt, executors of H. A. Holt, deceased, sold to George W. Hill all the merchantable timber standing on a tract of one thousand and fifty acres of land lying on Cedar Creek, in Braxton county, by written contract of that date, in which it was stipulated that the timber on the land should be manufactured and removed by Hill or his assignees within three years from the date thereof, at the expiration of which time all the timber remaining on the land should revert to the parties of the first part, or their assignees, but it was further provided that Hill should have an additional year in which to remove the manufactured lumber remaining on the land at the expiration of the three years, and whenever any hollow, cove or parcel of said land should be cut over and the timber removed therefrom within the first and second years, such portions thereof should revert to the grantors. '

On the 2nd day of July, 1900, the said executors of H. A. Holt, deceased, by deed of that date, conveyed to Homer J. Loyd one hundred and twenty-five acres of said tract of one thousand and fifty acres of land, subject, however, to the right of Hill and those claiming under him, to remove the timber therefrom, and on the 7th day of May, 1903, Homer J. Loyd conveyed the said one hundred and twenty-five acres of land to Orange J. Loyd, the plaintiff; and on October 9, 1901, George W. Hill sold to the Highland Lumber Co., which is composed of the defendants, the timber remaining on the one thousand and fifty acre tract of land, Hill having previously cut some of the white oak which was suitable for making staves, the Highland Lumber Co. taking the timber with all the rights which Hill had, under his contract, to remove the same. The defendants not having removed all the timber from the one hundred and twenty-five acre tract that was conveyed to the plaintiff by Homer J. Loyd within the time stipulated in the contract between Hill and the executors of H. A. Holt, but, after that time, having proceeded to do so, Orange J. Loyd filed his bill before the Judge of the circuit court of Braxton county, setting up that the defendants had cut over and removed the timber from said tract, and that under the contract between Hill and Holt's executors it reverted to the executors, and was transferred to him by his deed to said land, and also claiming that the defendants had forfeited their right to remove the timber by allowing the time within which they should do so, to elapse, and praying for an injunction restraining the defendants from cutting and removing the timber. The injunction was granted, and was afterwards, on motion of defendants, dissolved, from which order of dissolution plaintiff applied for and obtained an appeal and *supersedeas.*

There is no controversy between the parties as to the construction of the several deeds and contracts, except to that part of the contract made between Hill and Holt's executors, which refers to the reversion of the timber after the land had been cut over; but the defendants contend that under the contract they were entitled to remove all the timber therefrom, and, also, they admit that they did not remove the timber from this land within the time required by the contract, but claim that an extension of time was given them by Homer J

Loyd, and the plaintiff; and that he is now estopped to set up a forfeiture of this timber by reason of its not having been removed within the time stipulated that it should be done.

The first question that presents itself for consideration is, has a court of equity jurisdiction to entertain this suit, it being brought for the sole purpose of enjoining the cutting and removing of timber.

This Court has repeatedly held that a court of equity will not enjoin a mere trespass to real property when the bill does not, on its face, clearly aver good title in the plaintiff, nor even then, as a general rule, where the injury complained of is not destructive of the inheritance, or that which gives it its chief value; or is not irreparable, but is susceptible of complete pecuniary compensation, for which the injured party can obtain adequate satisfaction in the ordinary courts of law; but a court of equity will enjoin a mere trespass to real property where good title is alleged, and it is also alleged in the bill that the trespasser is insolvent, because, in such case, the party could have no adequate remedy at law. And the authorities hold that the cutting of growing timber will not be enjoined unless the bill clearly shows good title in the plaintiff and that the wrong-doer is insolvent, except when the cutting thereof would amount to the destruction of the very substance of the estate, or where the timber is of some peculiar value to the plaintiff. There is nothing to show that the timber is of the very substance of the freehold, but, on the contrary, when the plaintiff purchased the one hundred and twenty-five acre tract of land, he did so knowing that the defendants had title to the timber thereon, and also had a given time within which to remove the same. In fact, there is no attempt to show that the cutting and removal of the timber from this tract of land would amount to the destruction of the substance of the estate, or that it has any peculiar value to the plaintiff. The bill avers that the plaintiff has title to the said tract of one hundred and twenty-five acres, and, in fact, this is not denied by the defendants, but the plaintiff claims that the defendants have forfeited their right to cut and remove the timber from said tract of land for the reason that they did not do so within the time required by the contract; and the bill shows that the defendants claim title to the timber; but whether this controversy as to the title to

the timber would be sufficient ground upon which to deny equitable jurisdiction it is not necessary to decide, for the reason that the insolvency of the defendants is averred; and it being a material and necessary allegation, it is incumbent upon the plaintiff to prove it, which he has wholly failed to do. He has shown that some of the defendants are non-residents of this State, but, also, the evidence shows that some of the defendants are residents of this State, and own property here, and it is also clearly shown that the Highland Lumber Co., which is composed of the defendants, is solvent in this State. *McMillan* v. *Ferrell*, 7 W. Va. 229; *Cox* v. *Douglass*, 20 W. Va. 175; *Schooner* v. *Bright*, 24 W. Va. 698; *Cresap* v. *Kemble*, 26 W. Va. 603; *Watson* v. *Ferrell*, 34 W. Va. 403; *Lazzell* v. *Garlow*, 44 W. Va. 466; *Farland* v. *Wood*, 35 W. Va. 458; *Burns* v. *Mearns*, 44 W. Va. 744.

Applying the doctrine laid down in the foregoing cases to the case in hand, it is clear that a court of equity has no jurisdiction.

The defendants claim that before the time within which they had to cut and remove this timber had expired, that they were granted an extension of time by Homer J. Loyd and the plaintiff, and if the time had not been extended by them, that they would have removed the timber within the time required by the contract. To decide this question calls for a decision of the case upon the merits, and, as equity has no jurisdiction, it is not proper to deal with the merits of the controversy.

The order of the judge of the circuit court, dissolving the injunction, is affirmed.

.   *Affirmed.*