# CHARLESTON.

H. A. FRAZIER, *Admr.,* etc. *v.* C. E. COPEN, *et al.*

Submitted January 22, 1924.    Decided February 5, 1924.

1.  EXECUTORS AND ADMINISTRATORS—*Decree Directing Payment of Administered Assets to Administrator De Bonis Non Erroneous, But Not Void.*

    Where in a suit by legatees and distributees of an estate against the executor the court ascertains and adjudges that the executor, whose powers have been revoked, is indebted to the estate in a certain sum of money and decrees that he pay said amount to the administrator *de bonis non,* such decree is not void, even if erroneous, and can not be set up by sureties as a defense when sued by such administrator upon the executor's bond. (p. 484).

2.  SAME—*Recovery Against Executor in Favor of Administrator De Bonis Non Binds Legatees and Distributees.*

    And where in such suit the legatees and distributees are entitled to a money decree against the executor, and the re-

covery is made in favor of an administrator *de bonis non*, not then a party to the suit, it will be presumed that the legatees and distributees agreed thereto, and they are bound thereby.  (p. 485).

3.  SAME—*Approval of Administrator's Bond Is Judgment Not Subject to Collateral Attack.*

The act of the clerk of the county court in receiving and approving the bond of an administrator or executor constitutes a judgment having all the dignity and force of a judgment of a court of general jurisdiction, which can not be the subject of collateral attack.  (p. 487).

4.  SAME—*Plea of Non Est Factum to Suit on Executor's Bond Held Insufficient.*

In a suit upon an executor's bond, a plea of *non est factum* should be rejected, where the defense of the sureties on the bond is that they were induced to sign and seal the same by the representation and assurance of the principal that others were to execute the bond with them, and that the bond was delivered to the clerk of the county court, who had knowledge of such agreement, but who received and approved the bond and placed the same on record, without execution thereof by such other sureties.  (p. 488).

Case certified from Circuit Court, Putnam County.

Action by H. A. Frazier, administrator, etc., against C. E. Copen and others.  A demurrer to the declaration was sustained, and a demurrer to the special plea of defendants overruled, and the questions certified.

*Rulings reversed.*

*A. J. Horan* and *Poffenbarger, Blue & Dayton,* for plaintiff.

*John T. Simms* and *C. E. Copen,* for defendants.

MILLER, JUDGE:  ·

There has been certified to us by the circuit court questions involving the correctness of its rulings on defendants' demurrer to the declaration and plaintiff's demurrer to defendants' special plea filed in the action.

The action is by plaintiff as administrator *de bonis non* with the will annexed, of F. F. Morris, deceased, against C.

E. Copen, late executor of the last will and testament of said
Morris, and S. E. Leach, W. H. Dudding, F. H. Moss and
J. F. Chapman, sureties on his executorial bond. The plain-
tiff, by the allegations of his declaration, in addition to the
bond given, predicates his further right to maintain the ac-
tion upon the allegation that prior to his appointment as ad-
ministrator *de bonis non,* the powers of said Copen, as ex-
ecutor, were revoked by the county court, and that in a suit
brought in equity by Lloyd Morris and others, devisees and
legatees of said deceased, against the said C. E. Copen and
others, it was adjudged that the said Copen as executor was
indebted to said estate in the sum of $8,873.19, with interest,
and that by a decree in said cause, pronounced on July 6,
1919, it was further adjudged, ordered and decreed that said
Copen do pay to H. A. Frazier, administrator *de bonis non*
of the estate of F. F. Morris, deceased, the said sum of $8,-
873.19, with interest as aforesaid.

The only point of demurrer presented here is that the plain-
tiff as administrator *de bonis non* has no right of recovery,
either against said Copen as principal, or his co-defendants
as sureties on his executorial bond, the pleading showing that
the said sum so decreed in favor of plaintiff against the said
Copen was administered assets, to which the administrator
*de bonis non* was not entitled in law or in equity.

There can be no question as to the soundness of the general
proposition of law relied on to sustain the ruling of the cir-
cuit court. Our own decisions as well as those of the courts
throughout the country are conclusive of this proposition.
*Brown* v. *Brown,* 72 W. Va. 648; *McCreery* v. *Bank,* 55 W.
Va. 663; *Coleman* v. *M'Murdo,* et al., 5 Rand. 51; *Veach* v.
*Rice,* 131 U. S. 293.

The cases cited, and others that might be cited, sustaining
the general proposition are without exception, we believe,
cases in which the defense was interposed in the suit brought
by the administrator *de bonis non* directly against his prede-
cessor to recover administered assets. The fact which dis-
tinguishes this case from those cases, is that plaintiff counts
and relies on a decree in a former cause, which has become
final, and wherein defendant Copen was ordered to pay the

sum of money found due from him to the estate, to the plaintiff as administrator *de bonis non.* While the declaration does not allege that the decree was not appealed from or reversed, the presumption is that it is in full force and effect. The declaration does not show on its face by what proceeding, if any, the sum found due the estate was decreed to be paid to the administrator *de bonis non;* but the fact is that the court so decreed; and unless that decree is absolutely void, not merely erroneous, the right of the plaintiff to maintain the action can not be reached by demurrer. The verity of the decree must stand until reversed or set aside by some direct proceeding attacking it. Is the decree, therefore, void on its face? This is the controlling question. We do not think it is. The estate of the decedent was unsettled, no doubt. In fact we know from the decree, which the circuit court by its order undertook to make a part of the record in this case, if we could look to it on the demurrer, that the estate of the deceased was unsettled; and there may have been, and likely was, some authority or reason presented for decreeing the money to be paid to the administrator *de bonis non.* Presumptively the plaintiffs in the equity suit, who had the right to maintain it and were entitled to a decree. procured the decree to be made in favor of the administrator *de bonis non.* If so, the decree would bind them, and would protect the defendants. The decree thus pronounced would place the administrator *de bonis non* in a relation of privity or confidence, or in a representative capacity. Where such relationship is established, an exception to the general rule applies. *Armstrong, etc.* v. *Painter,* 75 W. Va. 393; *Snider* v. *Brown,* 3 W. Va. 143; *Bailey's Adm'x.* v. *Robinson,* 1 Gratt. 4. Another illustration of the proper application of this exception to the general rule is where a decree has been entered in favor of a pendente lite purchaser who has obtained by assignment, for example, a part or all of the sum decreed. *Dudley* v. *Barrett,* 66 W. Va. 363.

Another principle applicable to the demurrer, based on the alleged invalidity of the decree, is that, without formal pleading, the court may, in such cases, act upon admissions and agreements made in court by the parties; and where, as in

this case, plaintiffs in their suit have procured a decree in favor of a third party, they will be estopped to deny its validity, and the decree binds them and operates as an assignment, which the decree may properly adjudicate. *McCoy* v. *McCoy*, 74 W. Va. 64; *Lewis* v. *Wilson*, 151 U. S. 551; *Savage* v. *Blanchard*, (Mass.), 19 N. E. 396. The defendants have no interest in the question as to who shall receive the money from them, except that they may be protected by the decree in the payment of the money to whomsoever the decree may direct. If, as we have shown, the plaintiffs in the suit were entitled to recover, and they procured the decree to be entered in favor of the administrator *de bonis non,* they could never thereafter be heard to contravert the binding effect thereof upon them. *Lovejoy* v. *Murray*, 3 Wall. (U. S.), 1; *Cole* v. *Favorite*, 69 Ill. 457; *Schmidt* v. *Louisville, etc. Ry. Co.,* 99 Ky. 143; *Valentine* v. *Farnsworth*, 21 Pick. (Mass.) 176; *Castle* v. *Noyes*, 14 N. Y. 329; *Peterson* v. *Lothrop*, 34 Pa. St. 223.

Our answer, therefore, to the first question is that the court erred in sustaining defendants' demurrer to plaintiff's declaration, and that the demurrer should have been overruled.

The action of the circuit court in overruling plaintiff's demurrer to defendant's special plea remains to be considered.

The matters of that plea constitute a plea of *non est factum.* The substantial averments thereof are that the sureties Leach, Dudding, Moss and Chapman were procured by the defendant Copen, principal, to sign and seal his bond on condition that three other persons, namely, O. K. Ranson, W. H. Brown, and J. S. Fletcher, would also execute the same as co-sureties; and that relying on said assurance and promise, they signed and sealed said bond, all of which J. M. Henson, clerk of the county court of Putnam County, had notice, at and before the delivery thereof; and that said Ranson, Brown and Fletcher did not sign the said bond as sureties; of which the plea alleges said clerk had notice also; and defendants say but for said assurances and promise, they would not, nor would either of them, have signed said bond; wherefore, they say that the said supposed writing obligatory is not their deed.

Oyer of the bond was not demanded, but the court by its order undertook to make a certified copy thereof a part of the record. This copy shows, by the "Teste" of the county clerk, that the bond was signed, sealed and acknowledged, and was approved by him on January 20, 1919; and that it was duly recorded in Fiduciary Bond Record No. 1, of said court. The plea attacks the verity of the record; and the first question is: Can it be so collaterally attacked? This question depends on the nature and character of such a probate proceeding. Is it simply ministerial and impeachable, or is it judicial in nature and unimpeachable in this collateral way? Whatever may be the rule in other states, depending on different statutes or judicial interpretations, the question is fully settled by our cases, that the act of the county clerk, in the first instance in receiving and approving the bonds of administrators and executors, and his subsequent report to and confirmation thereof by the county court, as provided by our statute, constitutes a judgment having all the dignity and force of a judgment of a court of general jurisdiction, which can not be made the subject of collateral attack. *Starcher* v. *South Penn Oil Co.*, 81 W. Va. 587; *Cicerello* v. *Railway Co.*, 65 W. Va. 439; *Tomlin* v. *Peck*, 73 W. Va. 336, 339; *Colley, Admr.* v. *Calhoun*, 89 W. Va. 399; *Shank* v. *Ravenswood*, 43 W. Va. 242; *Benwood* v. *Wheeling Ry. Co.*, 53 W. Va. 465.

Whether the qualification of Copen, Executor, by the giving of the bond sued on was in fact reported to the county court and afterwards confirmed by it, is not made to appear on the record; but in *Rayburn* v. *Rayburn*, 34 W. Va. 400, it was decided that when the clerk of the county court during the recess of the regular session of the court appoints an administrator, taking from him the necessary bond, the powers of such administrator are not inchoate, needing confirmation by the court before he can act, but that he becomes at once administrator as of right as well as in fact for the time being, who may and should at once proceed to discharge the duties of his office; and that if afterwards his appointment is not confirmed, yet if valid in the beginning, the order of the clerk appointing him should not be set aside, but the court should revoke his letters of administration, or rather order

that his powers cease. And of course in that event the principal and the sureties on his bond would be liable for any default of the principal.

In this case the declaration shows upon its face that the default occurred before revocation of the powers of the executor; wherefore the principal and the sureties on his bond would be liable for that default, unless upon the next proposition to be considered, the bond was lawfully delivered to the clerk upon condition, and the condition not having been complied with, the bond did not in fact become the obligation of the sureties.

The final question thus presented then is, whether the clerk of the county court, with authority and jurisdiction given by statute, in the vacation or recess of the county court to appoint administrators and admit wills to probate, and to receive and approve fiduciary bonds, can receive in escrow, or upon condition, bonds of that character. On this question defendants predicate their plea upon our case of *County Court* v. *Cottle,* 79 W. Va. 661. That case involved the action of the clerk in taking and approving the bond of a sheriff, whose sureties had executed the bond on condition that others would sign it with them. There it was held that the sureties might escape liability by oral evidence that the county court had notice that the bond was not to become operative by acceptance unless and until executed by other persons as sureties. The correctness of that decision is questioned, if not challenged, by counsel for plaintiff in this case; but whether correct or not it is argued that it is to be distinguished from the case at bar, by the fact that the bond in that case was a sheriffalty bond, executed before the authority which the State had designated by statute to receive and approve bonds of its public officers, and that notice to this agent and representative of the State would constitute notice to the State itself and to any of its subordinate branches of the state government. Our decisions already cited affirm the proposition that the probate record of the county clerk or county court in the appointment and qualification of administrators and the approval of their bonds constitutes a judgment, unimpeachable by parol evidence or collateral attack. And what-

ever may be said of the nature and character of the proceed-
ings before the clerk of the county court with respect to the
bonds of sheriffs and other public officers, it certainly would
be dangerous precedent, and one that might result in all
kinds of fraud, to hold that notice to the clerk of a county
court would be notice to the heirs and distributees or creditors
of a decendent's estate that a bond taken and approved by
him had been delivered conditionally, and that the condition
had not been complied with. The plea in this case alleges,
not that any agreement was made with the clerk, or that the
bond was left with him in escrow to be delivered upon condi-
tion. The allegation·is that the agreement was between the
principal and the sureties on the bond, and simply that the
clerk had notice thereof. If such notice would be binding
upon the heirs and distributees of an estate, they would be
subjected to all kinds of risks and hazards without any re-
course upon the sureties, after years of administration. The
diligence of counsel has discovered but one adjudged case
like the one presented here, that of *Ordinary of New Jersey* v.
*Thacker,* 12 Vroom, 403, 32 Am. Rep. 225. That case in-
volved a guardian's bond, conditioned for execution by three
sureties, and was executed by two, who left it with the sur-
rogate, instructing the guardian to have it executed by the
third, which he promised to do; and it was held that this was
not a delivery on condition, and that the two were liable al-
though the third did not execute the bond. If that case is
sound in principle, and we think it is, the rule enunciated
there should control our decision upon the plea. It was said
in that case that the surrogate was not such a person as was
authorized by law to receive in escrow the bond of an officer;
that he represented the obligee in the bond, and that delivery
of the bond to him was in effect delivery thereof to the obligee,
and upon the same principle that the delivery of a deed to
the grantee constitutes delivery thereof in fact, and not in
escrow, detached from all extraneous conditions. Even if
the plea had alleged that the bond had been delivered to the
clerk on condition, to be held by him in escrow, it is most un-
likely that he would have received and approved it until the
condition had been complied with.

In the argument of counsel, the suggestion was made that the settlement of the accounts of the executor before the commissioner in the equity suit and the sum decreed in that cause are erroneous, and that the executor was not given proper credits, etc. While the executor himself may be estopped and concluded by that decree, the sureties are not estopped thereby on the trial of this action, if they can show that the decree is erroneous. Formerly they might have been, but they are protected in this right by section 1, chapter 101 of the Code.

Our conclusion is that the circuit court erred in sustaining defendant's demurrer to the declaration and in overruling plaintiff's demurrer to defendants' special plea.

*Rulings reversed.*