# CHARLESTON.

STATE, *Use, etc. v.* HAYES PICKLESIMER, *Receiver, etc. et als.*

(No. 5806)

Submitted April 26, 1927.    Decided May 3, 1927.

1. DEPOSITORIES—*Sureties, Depository's Directors, Receiving Benefits of Deposit, Held Estopped to Set Up, Under Plea of Non Est Factum, Depository Bond Was Not Signed by Other Sureties Pursuant to Condition of Execution (Code, c. 39, §§ 50, 51).*

   In a suit upon a bond of a depository of public funds, given under the provisions of § 51, Ch. 39, Code, the sureties thereon being directors and stockholders of said depository, where said bond was delivered by the bank to the clerk of the county court and duly filed by him, and the depository receives and uses the funds deposited thereunder, and the same are misused and lost, and the depository becomes insolvent, such sureties are estopped to set up as a defense to a recovery on said bond, by a plea of non est factum, that it was not to be delivered or to be binding upon them unless other sureties executed and signed it and bound themselves thereby, that said condition was not performed, and that the plaintiff had notice of such conditional execution and that said condition had never been fulfilled. (p. 562).

   (Depositories, 18 C. J. § 62).

2. JUDGMENT—*In Notice of Motion for Judgment on Bond With Collateral Conditions, Writ of Inquiry is Necessary (Code, c. 121, § 8, c. 125, section 45, c. 131, section 17).*

   In a notice of motion for judgment on a bond with collateral conditions a writ of inquiry is necessary. (p. 565).

   (Damages, 17 C. J. § 356 [Anno]; Judgments, 34 C. J. § 417).

3. SAME—*Default Judgment on Depository Bond Should be Set Aside as to Defendant Filing Before Execution of Writ of Inquiry Affidavit Denying Owing Any Debt (Code, c. 121, § 8).*

   A defendant in such case is entitled to have a default judgment as to him set aside where he files before the execution of said writ of inquiry an affidavit denying that he owes any part of the debt sued on. (p. 566).

   Damages, 17 C. J. § 356 [Anno]; Judgments, 34 C. J. § 417).

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi).

Error to Circuit Court, Marshall County.

Action by notice of motion for judgment by the State, to the use of F. A. McNinch, Sheriff of Marshall County, against Hayes Picklesimer, receiver etc., and others, on a depository bond. Judgment against defendants, and defendant Thomas P. Deegan and others bring error.

*Affirmed in part; reversed in part.*

*Riley & Riley, Charles E. Carrigan,* and *John P. Arbenz,* for Thomas P. Deegan, W. B. Leach, and Edward Cooey.

WOODS, JUDGE:

This is an action by notice of motion for judgment on a surety bond given under §51, Chapter 39 Code, by the Bank of Benwood, a designated county depository, to recover, by reason of said bank's failure to safely keep and pay over on proper order all public monies of the county deposited therein. The case comes here on the petition of three of the sureties —W. B. Leach, Thomas P. Deegan and Edward Cooey. The first two complain of the action of the circuit court in directing a verdict against each of them for the amount of the bond, and the third complains of its action in refusing to set aside a default judgment entered against him in a like amount.

The county court of Marshall county, acting under §50, Chapter 39, Code, providing that county courts, by order of record, shall designate a bank, or banks, etc., situate in the county, as a depository, or depositories of public monies, named the defendant bank as one of said county's depositories. A personal surety bond was given, which was certified by the prosecuting attorney to be in due and legal form, and conformable to the provisions of the act, and delivered by an officer of said bank to the clerk of the county court and duly filed by him.

After the Bank of Benwood was placed in hands of a receiver, the State of West Virginia, which sues for the use and benefit of F. A. McNinch, Sheriff of Marshall county, filed in the office of the clerk of the circuit court of Marshall county its notice of motion for judgment, with service thereon, against

the receiver of the Bank of Benwood, a corporation, John T. Manley, W. B. Leach, Edward Cooey, Thomas P. Deegan, F. A. McNinch, Committee for W. S. Leach, and F. A. Mc-Ninch, Committee for J. F. Ward, in which notice the defendants were notified that on June 7, 1926, at 9:30 A. M., the plaintiff would move the circuit court of said county to render judgment against each of them for the sum of $30,000.00, with interest thereon until paid, together with costs, the same being the amount which the State of West Virginia is entitled to recover from the defendants and each of them for the use and benefit of said sheriff, upon a certain undertaking, contract, obligation, and bond, signed and sealed by the Bank of Benwood, a corporation, principal, by John T. Manley, President, W. B. Leach, Edward Cooey, W. S. Leach, Thomas P. Deegan and J. F. Ward, sureties, setting out in extenso the bond so tendered the county court, by virtue of §51, Chapter 39, Code. On the return day, it appearing that all defendants were duly served with notice of said motion and affidavit thereto attached, and that only three had appeared, judgment was directed as to those not appearing for the amount of the bond. Manley, W. B. Leach and Deegan, having appeared, moved for a continuance, and on their motion being overruled, filed their separate pleas, duly verified, to the effect that the supposed writing obligatory in said notice of motion for judgment mentioned was not their bond, and further that each of said defendants signed the said writing obligatory upon the condition that it was not to be delivered or be binding upon him unless and until all of the remaining sureties named in the body of the bond executed and signed it and bound themselves thereby; that John T. Manley and Clemence Steinmetz, two of the sureties in the body of the said bond, subsequently failed to sign and execute said bond; that the plaintiff had notice of such conditional execution of said bond by each of said defendants; and that by reason of said conditions having never been fulfilled, said bond is not the bond of said defendants and they are not bound thereby. The case was tried to a jury upon the issues raised by said pleas. Upon the completion of the testimony,

attorneys for Manley, Leach and Deegan moved to dismiss as to John T. Manley and to direct a verdict as to the other two. This motion was sustained as to Manley, but overruled as to Deegan and W. B. Leach. Thereupon the attorney for the plaintiff moved the court to exclude all testimony in the case from the consideration of the jury and direct a verdict for the plaintiff as to said defendants Leach and Deegan. This motion was sustained, and the jury, by direction of the court, returned a verdict, "We the jury find for the plaintiff and assess its damages at $30,000 against each of the defendants, viz: Thomas B. Deegan and W. B. Leach. Samuel S. Croe, foreman." Judgment was entered on the verdict. It is from this judgment that Deegan and Leach appeal.

These two defendants, as shown by their respective pleas and their argument before this Court, rely upon the general principle as recognized and laid down in the case of *Grocery Company* v. *Bradford,* 70 W. Va. 496, that "Incompleteness of a bond on its face, when delivered to the obligee, is sufficient to put him upon inquiry as to whether those whose signatures it bears intended to be bound by it in such condition. This is particularly and universaly true when the names of persons apparently contemplated as additional sureties appearing in the body of the bond or elsewhere have not been signed to it." That case involved a bond given by a traveling salesman to his principal. But this Court has recognized exceptions to this general rule.

This Court, in *Frazier* v. *Copen,* 95 W. Va. 482, held that in a suit upon an executor's bond, a plea of *non est factum* should be rejected, where the defense of the sureties on the bond is that they were induced to sign and receive the same by the representation and assurance of the principal that others were to execute the bond with them, and that the bond was delivered to the clerk of the county court, who had knowledge of such agreement, but who received and approved the bond and placed the same on record, without execution thereof by such other sureties. This was on the theory that the approval of such bond by the clerk or court constitutes a judgment, unimpeachable by parol evidence or collateral at-

tack, and that it would be a, dangerous precedent, and one that might result in all kinds of fraud, to hold that notice to the clerk, or court would be notice to the heirs and distributees or creditors of decedent's estate that a bond taken and approved by the clerk had been delivered conditionally, and if such notice would be binding upon the heirs and distributees of the estate they would be subjected to all kinds of risks and hazards without any recourse upon the sureties, after years of administration. This doctrine was' adopted in the *Frazier* case despite the fact that in *State* v. *Cottle*, 79 W. Va. 691, it was held that such defense might be made in case of a sheriff's bond. The distinction between these two cases seems to be that, in the latter, the approval of the bond was merely a ministerial act, while in the former the act was judicial in fact. But, whether the approval of the bond by the filing thereof in the case under consideration is merely ministerial or judicial need not be determined here. The reasons assigned for the holding in the *Frazier* case, aside from the fact that the approval of the bond was a judicial act, are of peculiar weight when applied to the facts in the instant case. Here, the bank itself delivered the bond into the hands of the county court, as a security for the funds of the public to be placed in its custody, the same being delivered to the clerk of the county court and duly filed by him. It is a joint and several obligation. The obligors defending here were directors of the bank receiving the funds under said bond. These public funds were received with their knowledge as directors, and being directors thereof they were necessarily stockholders and received the benefits under and through said bond of said ·deposits of the public funds. Now, after some time has elapsed and the funds so taken by the bank have been misused and lost, it is endeavored to destroy the entire transaction, by showing, upon the oaths of the interested obligors that the instrument is a nullity, as it was delivered subject to a condition that has not been fulfilled. In our judgment, law and public policy are in accord on this subject; both declaring that defendants are estopped to set up such defense under the circumstances of this case.

The appeal of Edward Cooey against whom default judgment was taken, raises the single question of whether in a notice of motion for judgment under Chapter 121, §1, Code, on a bond with collateral condition, a default judgment may be rendered on the affidavit alone, without execution of a writ of inquiry by the court. Money due on a bond with collateral condition may be recovered by a motion. *Stuart* v. *Carter,* 79 W. Va. 92. The statute, however, forbids rendition of a judgment for the penalty of such a bond, and requires ascertainment of the amount actually due thereon, and judgment for that only (Code, Ch. 131, § 17), while at common law judgment might be had for the amount of the penalty. This Court, in *Rosenthal* v. *Fox,* 79 W. Va. 752, held that an inquiry of damages is requisite in an action based on a writing for the payment of money, which by its terms does not ascertain the amount to be paid thereunder. Code, Ch. 125, §45, does not refer to writings in which the amount to be paid is undetermined. The Court said in its opinion, in the *Rosenthal* case: ''True the action is based on a writing for the payment of money, but that writing is not for a definite or ascertained amount. It is the guarantee to pay as much as may be found due. \* \* \* It is like a bond with collateral condition. The statute does not mean this kind of writing for the payment of money. That statute refers to a writing for the payment of an ascertained amount. If the amount to be paid under a writing on which action is based is not definitely settled by its terms, the amount must be ascertained by an inquiry of damages. 4 Minor Inst. (3rd Ed.) 724.'' So, on notice of motion for judgment, it is only where the bond sued on does not show on its face the amount actually due thereon that requires the execution of a writ of inquiry. Under §8, Ch. 121, Code, this can be executed, in a case in which a jury is not demanded, by the court. It was not executed before the defendant Cooey filed his affidavits; hence he was entitled to have the default judgment as to him set aside. *Philip Carey Mfg. Co.* v. *Watson,* 58 W. Va. 189; *Federation Window Glass Co.* v. *Cameron Window Glass Co.,* 58 W. Va. 477; *Wilson* v. *Shrader,* 73 W. Va. 105; *Gray* v.

*Mankin,* 69 W. Va. 544; *Piano Co.* v. *Burgner,* 89 W. Va. 476.

For the reasons hereinbefore stated, we affirm the judgment as to Leach and Deegan, and reverse the judgment refusing to set aside the default judgment as to Cooey, and remand the case as to him.

*Affirmed in part; reversed in part.*