# WHEELING

## BROWN, TRUSTEE, *v.* ROCKEY, *et al.*

Submitted March 6, 1906.   Decided June 12, 1906.

1. BUILDING AND LOAN ASSOCIATIONS—*Usury.*

   A contract made by a building and loan association for an ad-
   vancement or loan to one of its stockholders upon stock issued to
   him by such association, is not usurious because it provides for the
   payment of a fixed monthly premium by such stockholder for a
   certain stated number of years, or until the earlier maturity
   of said stock.   (p. 270 )

Appeal from Circuit Court, Kanawha County.

Bill by J. F. Brown, trustee, against Lena L. Rockey and
others. Decree for plaintiff, and the National Mutual
Building & Loan Association of New York appeals.

*Reversed and Remanded.*

PRICE, SMITH & SPILMAN, for appellant.
J. W. KENNEDY, for appellees.

Cox, Judge:

This litigation between co-defendants in the chancery cause of J. F. Brown, trustee, against Mrs. Lena L. Rockey and others, determined by the circuit court of Kanawha county, raises the question whether or not the contract whereby Mrs. Rockey was advanced or loaned the sum of $1100.00 on stock subscribed by her in the National Mutual Building and Loan Association of New York, is usurious.

In April or May, 1893, Mrs. Rockey subscribed for 11 shares of stock in said association, of the ultimate par value of $100.00 each. Afterwards, she obtained from the association an advancement or loan of $1100.00 on her stock, evidenced by her bond bearing date the 19th of July, 1893, payable to the association in the penal sum of $2200.00, secured by deed of trust of same date executed by her and husband to Geo. J. Peet, trustee, conveying a certain lot of land in the city of Charleston. The said bond provides for the payment by Mrs. Rockey to the association, on the last business day of each and every month, of the sum of $5.50 premium, $5.50 interest, and $6.60 dues on said shares, until the maturity of the said shares in accordance with the articles of said association; "*which premium is however to be paid for eight years only, or until the earlier maturity of said shares,* together with all fines and penalties which may be imposed by the said association for default in the payment of said premium, interest or dues." The deed of trust contains a similar provision, except that instead of the words "until the maturity of the said shares" the trust contains the words "until the full settlement of said advance." The bond also provides that, in case of three months' default in payment of interest, premiums, dues, charges, fines, etc., the principal sum and all sums for interest, premium, dues or fines shall, at the option of the association, become immediately due and payable.

By a written assignment under seal, also made on the 19th of July, 1893, Mrs. Rockey transferred, as collateral security for said loan, her 11 shares of stock in said association to it, and thereby authorized it, in case of three months' default by her in payment of dues and fines, to cancel said shares,

and to apply the withdrawal value thereof at such time on said loan, and, in the event any surplus remained after payment of the loan, interest, dues and premiums, to make payment of such surplus to her.

Mrs. Rockey paid the interest, dues and premium until about the first of March, 1901, and then defaulted. On the 21st of April, 1902, she being in default for more than three months, the association cancelled her shares, and applied their withdrawal value as a payment on the loan.

The contention of Mrs. Rockey is that the contract, comprising the bond, deed of trust and assignment, is usurious, that the loan to her must be treated as a simple loan of money by the association; and that the monthly payments made by her on account of interest, dues and premiums must be treated as partial payments on the loan. The association contends that the contract is not usurious, and that it is entitled to settle with Mrs. Rockey according to the terms thereof. The lower court sustained the contention of Mrs. Rockey, and by decree entered on the 18th of July, 1903, from which the association appealed, gave a recovery in her favor against the association for the sum of $59.00—the correct amount if the contract is to be treated as a simple loan and her payments as partial payments thereon. On the other hand, if the contract is not usurious and settlement is to be made according to its terms, there is due to the association from Mrs. Rockey the sum of $745.18, with interest from the 21st of April, 1902.

The point of contention is that the payment of monthly premiums required to be made for eight years only, or until the earlier maturity of said shares, is indefinite and uncertain as to time, and therefore usurious. Contracts like the one involved in this case, containing a like provision in relation to the payment of premiums, and made by the same building and loan association with its stockholders, have previously been passed upon by this Court. In *Thompson* v. *National Mutual Building and Loan Association of New York*, 57 W. Va. 551, a contract containing a similar provision in relation to the payment of premiums was held not to be usurious. Likewise, in the case of *Burkheimer* v. *National Mutual Building and Loan Association of New*

*York*, decided by this Court on the 6th day of March, 1906, a contract containing a similar provision in relation to the payment of premiums was held not to be usurious. The case of *Tahaney* v. *Washington National Building Association*, decided by this Court, on the 13th of March, 1906, lays down the same principle as to a contract involved in that case. These later cases are not in conflict with the principles announced in *Gray* v. *Baltimore Building and Loan Association*, 48 W. Va. 164. and in *Floyd* v. *Loan and Investment Co.*, 49 W. Va. 327, and in other cases holding in substance that a building and loan association may fix a minimum premium, payable in advance or in periodical installments, but that such premium must be a lump sum, certain and definite, and not a percentage payable indefinitely at fixed periods. It is unnecessary to repeat the reasoning of the later cases as to contracts like the one involved in this case. If the contract limits the payment of the monthly premium to a certain specified period of time, stated and agreed upon at the time of the loan, it is sufficient to avoid usury. It is enough that the purchaser at the time he obtains the loan knows the ultimate extent of his liability to pay premiums. If a time is fixed and agreed upon, beyond which premiums cannot be charged, this gives certainty to the borrower's calculations and a definite character to his contract. A wise and prudent management of the association and other circumstances may reduce the time for which premiums may be collected. If not, premiums may not be collected beyond the time fixed. The fact that the time may be less than the period agreed upon is to the advantage of the borrower, and he cannot complain. Under the principles announced by the cases cited, Mrs. Rockey is liable to the performance of her contract with the association, which leaves her in debt to the association for the sum of $745.18 with interest from the 21st of April, 1902. This sum the association is entitled to recover from her.

It appears that the lot covered by the deed of trust has, by consent of the parties to this suit, been sold, and that a fund arising therefrom has been placed in the hands of the general receiver of the circuit court of Kanawha county, and that a part of that fund has been applied to the payment of

a vendor's lien against the lot, and that the residue of the fund is applicable' to the debt due from Mrs. Rockey to said association, and to such costs as it may be entitled to recover from her.

For the reasons stated, the decree of the circuit court of Kanawha county entered in this cause on the 18th day of July, 1903, is reversed, and this cause is remanded to be further proceeded with according to the principles herein announced and the rules governing courts of equity, and with directions to enter a decree giving a recovery in favor of said association against Mrs. Rockey for the sum of $745.18, including interest thereon from the 21st day of May, 1902, and making provision for the application of said fund in the hands of the receiver to the payment of such decree and to the payment of such costs as said association may be entitled to recover from her.

*Reversed and Remanded.*