# CHARLESTON

STODDARD AND STUART, REC'RS., v. JARRETT.

Submitted March 24. 1915.   Decided April 20. 1915.

1. BUILDING AND LOAN ASSOCIATIONS—*Money Advanced on Unmatured Stock—Contract to Repay—Usury.*
   A contract with a building and loan association for the repayment of money advanced upon unmatured stock, which provides for payment of the premium bid for the loan, not in a lump sum but in monthly installments for a definite time, is not usurious.   (p. 205).

2. EQUITY—*Answer—Time for Filing.*
   Defendant may file his answer at any time before final decree.   (p. 206).

3. SAME—*Commissioner's Report—Exceptions—Time for Taking.*
   It is no abuse of discretion to permit exceptions to be taken to a commissioner's report before it is acted on by the court, although several terms have passed since its filing.   (p. 206).

   (ROBINSON, PRESIDENT, and LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Taylor County.

Suit by Josiah C. Stoddard and others, receivers, etc., against Linnie Jarrett and others.   From a decree for defendants, plaintiffs appeal.

*Reversed and remanded.*

*Warder & Robinson,* and *Forrest W. Brown,* for appellants.

*John L. Hechmer,* for appellees.

WILLIAMS, JUDGE:

Plaintiffs, receivers of the Washington National Building & Loan Association, have appealed from a decree of the circuit court of Taylor county, rendered in their favor on the 28th of October, 1913, on the ground that the amount of money decreed them is less than they are entitled to.   The suit was brought in 1907 by the aforesaid building and loan association to enforce the lien of a trust deed executed by Linnie Jarrett and Absalom Jarrett, her husband, to Josiah C. Stoddard and Addison G. DuBois, trustees, dated March 1, 1898, upon certain real estate in the city of Grafton, in trust

to secure the payment of a conditional bond of same date for $4,000, made by the grantors to said building and loan association. Mrs. Jarrett had subscribed for twenty shares of stock in the association, and had obtained an advancement of $2,000. The conditions of the bond were, that she would repay to the association, its successors and assigns, in the manner provided by its charter and by-laws, the sum borrowed, as follows: First, sixty cents per share each month, as dues; second, fifty cents per share each month, as interest on the money loaned; and third, fifty cents per share a month as premium bid by her for the loan. She also bound herself to pay such fines, charges and assessments as may be imposed under the charter, by-laws and regulations of the association, and all taxes, insurance premiums and assessments on the real estate given as security for the faithful performance of her obligations. Payments were to continue until such time as said shares of stock should be fully paid up. The bond, as well as a by-law of the association, provided that no payment on account of stock or premiums should be exacted for a longer period than eighty-four months, but that, if the stock did not mature in that time, then six per centum per annum should be paid, in monthly installments, on the money advanced on the stock until it matured, at which time all payments were to cease, and the deed of trust securing the bond cancelled. The bond and by-laws also provided, that if default be made and permitted to continue for three months. without paying all interest, premiums and monthly dues on stock, and fines for the nonpayment thereof, then credit on the advancement was to cease, and the advancement, with interest thereon, the monthly dues and fines were to be considered as presently due and payable. The terms of the trust deed conformed to the conditions and provisions of the bond.

Mrs. Jarrett subscribed for twenty shares of stock in 1893, and on the 1st of March, 1898, was granted the aforesaid loan. She paid the monthly interest, premiums and dues on the stock until October, 1900, when she defaulted.

The cause was referred to a commissioner to ascertain and report the balance due plaintiff. He completed his report on the 15th, and filed it on the 27th of April, 1908. showing a balance due the said building and loan association on that

date of $1,021.70. No further proceedings were had in the cause until 26th of April, 1911, at which time plaintiff moved for a final decree. Mrs. Jarrett and her husband appeared, tendered their joint answer and exceptions to the commissioner's report, and were permitted to file same, over the objections of plaintiff; and the cause was continued, with permission to both plaintiff and defendants to take further proof. In the meantime, the business of said association had been committed by the corporation court of Alexandria, Virginia, and by the United States Circuit Court for the Northern District of West Virginia, to Josiah C. Stoddard and Douglas Stuart, receivers, with authority to sue to collect its assets. They filed their petition in this cause and were substituted as plaintiffs.

The cause was finally heard on the 28th of October, 1913, on the commissioner's report and exceptions thereto, and the court re-stated the account as follows, viz.:

| | |
|---|---:|
| "Amount of Loan.......................... | $2000.00 |
| "        Credits | |
| "Amount of Dues Paid...................... | $1008.00 |
| "Interest on dues at 6 per cent for three and one-half years (average time between Nov. 1st, 1893 and Oct. 31st, 1900)............... | 214.20 |
| "Amount of Premiums Paid................. | 320.00 |
| "Interest on premiums at 6 per from Feb. 1st, 1898 to Oct. 31st, 1900..................... | 28.05 |
| | $1570.25 |
| "Balance due as of Oct. 31st, 1900............ | $ 429.75 |
| "Interest on same at 6 per cent from Oct. 31st, 1900, to October 27th, 1913................. | 335.20 |
| "Balance due plaintiffs from defendants, October 27, 1913 ............................ | $ 764.95", |

and decreed accordingly.

It thus appears that the court not only gave Mrs. Jarrett full credit for all monthly dues she had paid on stock subscription, from the time she became a subscriber until she defaulted, but also allowed her interest on the same, and on the premiums paid, at six per cent per annum. The transactions was treated as one between ordinary debtor and creditor, and Mrs. Jarrett given credit for the monthly dues and premiums paid, as if they were partial payments, apparently

on the theory that the contract was usurious. But it was not usurious. The length of time beyond which the monthly premiums bid for the loan, were not to be paid, being fixed at not more than eighty-four months, by the by-laws and the terms of the bond, relieved the contract from the charge of usury. There was no uncertainty as to the maximum amount of premium the borrower would be required to pay for the loan; it could be ascertained by a simple calculation. Such a contract by a building and loan association is not in violation of Section 26, Ch. 54, Code 1913, and is not usurious. This point has been decided in numerous cases, and needs not to be elaborated in this opinion. See the following cases: *Thompson* v. *The Nat'l. Mutual B. & L. Ass'n.*, 57 W. Va. 551; *Burkheimer* v. *Same*, 59 W. Va. 209; *Tahaney* v. *Wash. Nat'l. B. & L. Ass'n.*, 59 W. Va. 296; and *Brown, Trustee*, v. *Rockey*, 60 W. Va. 268.

The ultimate success of a building and loan association depends upon each stockholder paying his dues; and a member who has secured an advancement from the association upon his stock will not be permitted to gain an advantage over the others by defaulting in his payments. The court stated the account on an improper basis, which gives Mrs. Jarrett an advantage over other stockholders who continued to pay their monthly dues to the association. Her exceptions to the commissioner's report should have been overruled, and, none having been taken thereto by plaintiff, the report should have been confirmed, and a decree rendered in favor of plaintiffs for the amount therein found, including interest to the date of the decree. Plaintiffs' debt was the first lien. A second lien was decreed upon the property in favor of Melville Peck, as to which there is no complaint.

It was not error to permit defendants to file their answer, although the case had been pending for four years. They could file their answer any time before final decree. Sec. 53, Ch. 125, Code. Nor was it an abuse of discretion to permit exceptions to be taken to the commissioner's report, after many terms of court had intervened between its filing and the date of the exceptions. The statute authorizes the granting of such permission, at any time after the report is filed, and before it is acted on. Sec. 7, Ch. 129, Code.

The decree will be reversed, in so far only as it ascertains the amount of plaintiffs' lien, as of October 27, 1913, to be $764.95, and in all other respects it will be affirmed; and this court will enter a decree changing the amount of plaintiffs' lien, as of October 27, 1913, to $1,366.19, which sum is ascertained by calculating the interest on $964.83, the balance found by the commissioner, as of November 21, 1906, from that time to the date of the final decree. And the cause will be remanded for further proceedings. Plaintiffs are entitled to costs.

*Reversed and remanded.*