# CHARLESTON.

CAMPBELL *vs.* LYNCH AND OTHERS.

MARGARET J. CAMPBELL, PLAINTIFF AND APPELLEE, AGAINST GEORGE T. LYNCH, WILLIAM LYNCH AND CHARLES S. ARCHEY, DEFENDANTS AND APPELLANTS.

Decided January 28th, 1873.

## SYLLABUS.

1. A bill alleging that L and A had obtained the possession of certain bonds or promissory notes executed by themselves to the Plaintiff, and which were left in the hands of the Plaintiff's agent, through false or fraudulent representations, with the design to cheat and defraud the Plaintiff, and had destroyed them, shows sufficient ground on its face for the jurisdiction of a Court of Chancery.

2. When the allegations of a bill are distinct and positive, and the bill is taken for confessed, such allegations are taken as true, without proof, but in respect to all matters not alleged with due certainty, or subjects which from their nature require an examination, the obligation to furnish proof rests on the Plaintiff.

*Patton,* for Defendants and Appellants.
*Price* and *Sperry,* for Plaintiff and Appellee.

PAULL, JUDGE:

This is a bill invoking the equitable jurisdiction of the

Circuit Court of Monroe county, on the ground of *fraud*, by means of which two of the Defendants, William Lynch and Charles S. Archey obtained the wrongful possession of certain property belonging to the Plaintiff. The bill alleges that this was effected through false representations made to the agent of the Plaintiff in whose possession this property was; that the same consisted of certain written obligations, (whether notes or bonds, sealed or unsealed is not material,) executed by these Defendants to the Plaintiff, in satisfaction of injuries sustained by the Plaintiff from George T. Lynch, a son of one of the aforesaid Defendants: the bill further alleges, that after having thus obtained the wrongful possession of said notes or bonds, the said Defendants *destroyed* them, and thereby the Plaintiff has lost all benefit or use of the same; that the said Lynch and Archey "are endeavoring to cheat and defraud the Plaintiff out of the money due her on said obligations; the bill prays that they may be compelled to specifically perform their contract, and for other, general relief, which might consist either in the restoration of said property, if in being, or an equivalent compensation. Upon this statement, I think there is sufficient equity shown to maintain the jurisdiction of the Court.

Fraud, it is well known, is a great head of concurrent jurisdiction in equity, with Courts of law, while in some instances, it is exclusive: In Story's equity jurisprudence, sec. 184, vol. 1, it is said, "And with the exception of wills, as above stated, Courts of Equity may be said to possess a general, and perhaps a universal concurrent jurisdiction with Courts of law in cases of fraud cognizable in the latter; and exclusive jurisdiction in cases of fraud beyond the reach of the Courts of law." I will refer to one case only under this head, the case of Sophia Knye and her children *vs.* John Moore, 1 Condensed, Eng., ch. Rep., p. 32, being 1 vol. of Simmons and Stuart 61, a case in some of its features very much like

1873.
January
Term.

Campbell
v.
Lynch et als.

the one before us. The syllabus says, "A married man, after having lived in adultery with a woman, and had children by her, executes a deed providing for her and the children in case of his death, and deposits it in the hands of his attorney, but afterwards procures possession of it himself. Held on demurrer, "that the woman and her children can maintain a bill to compel him to deliver up this deed; that the person with whom it was deposited, was not a necessary party, &c." The Vice Chancellor remarked in referring to another case of a similar character in which the same doctrine was held, "the principle of that case is, that, if a man misleads an innocent woman, it is but justice and reason that he should make her reparation; and therefore, notwithstanding the immorality of the connection, which led to the provision, a Court of Equity will lend its aid to enforce it." The bill prayed a specific performance, and a restoration of the deed: other cases are there cited.

But again it is said in sec. 703, vol. 2, of Story's Equity Jurisprudence, "On the contrary the remedial justice of Courts of Equity is often and most beneficially applied, by affording specific relief, in cases of unexceptionable deeds and other instruments in favor of persons who are legally entitled to them. The same doctrine applies to other instruments and other evidences of property such as bonds, negotiable instruments, and other evidences of property, which are improperly withheld from the persons, who have an equitable or legal interest in them; or who have a right to have them preserved." The author then refers to the inadequacy of a Court of law to furnish relief in such cases; and it may be said in the case under consideration, that the notes and bonds, when passing into the wrongful possession of the Defendants became due at intervals, during a period of three years from the time they were so taken; and it is not perceived what sufficient rule or standard of damages could have been applied in an action at

1873.
January
Term.

Campbell
v.
Lynch, et als.

law, for the detention or destruction of bonds or notes by the Defendants, which were not then due—and would not be, except at intervals of one, two and three years. The jurisdiction of the Court of Equity is sustained.

The only remaining question arising upon the record is : did the Court err in rendering a decree upon the bill, when taken for confessed, without requiring proofs of its allegations? It is proposed to settle this question as stated, it having been raised and extensively discussed by the counsel on either side. It is by no means certain in this case, but that the evidence found in the exhibits filed with the bill, (which under the provisions of the Code must be taken as genuine papers,) is sufficient to sustain the bill, as against William Lynch, at least; but waiving that question, we proceed to the other, does the taking of a bill for confessed dispense with the necessity of evidence to prove its allegations? This is an important question of constant occurrence in practice. The provision for taking a bill for confessed as found in Sec. 44, Ch. 125, of the Code of West Virginia, appears in the same words in the Code of Virginia of 1849, and also in the Code of 1860.

The act of March 7, 1826, provides, when a plaintiff may have his cause set *for hearing*, without having a decree nisi served, &c. The *effect* of this act of March 7, may be regarded as the same, as the language of the Code authorizing a bill to be taken for confessed. What is that effect? This inquiry is made in Robinson's Practice, (old edition,) page 223. The author refers to the cases in Virginia, bearing upon the subject, and to one in New York, but arrives at no definite conclusion. Chancellor Taylor in 4 H. & M., 476, holds, being an early case or cases, decided in 1809, that proof is required, in analogy, as he said, to cases of judgment by default at law, where a writ of enquiry was awarded, and proof required. The exact nature of all the cases at this time in his hands, (there was a number of them, perhaps) does not appear.

1873.
January
Term.

Campbell
v.
Lynch, et als.

In the case of Findlay, executor vs. Sheffey, 1 Rand., 73. the point was not decided, although the bill there was taken for confessed, the decree being reversed for want of proper parties.

In the case of Coleman vs. Lyne's executor, 4 Rand., 454, Judge Carr says, if that case was on a bill taken *pro confesso*, which it was not, the question would properly arise, whether upon the statement in the bill without documents, or other evidence, the Plaintiff could get a decree for his claim. This intimates that he did not regard the question as finally settled. A difficulty has arisen doubtless in the mind of some, in considering this subject, from such provisions in the Code as are found in Sections 48 and 49, Ch. 125; which provide means for compelling an answer by process of contempt, &c. It must be borne in mind, however, that such is the variety and complication of human affairs, resulting from the ever varying circumstances in which men are placed, that an answer will be *essential* in many cases. A plaintiff oftentimes cannot by any form of allegation he may adopt, consistent with truth and justice, obtain relief or satisfaction, without disclosures or information to be had only from the breast of the defendant; and it is in aid of such cases, that notwithstanding a bill may be taken for confessed, such provisions are made.

I refer now to two other provisions of the Code which seem at least to indicate the legislative intention to some extent. The 30 Sec. Ch. 125 recites: "A plaintiff in equity may have any plea or demurrer set down to be argued. If the same be overruled, no other plea or demurrer shall afterwards be received, but there shall be a rule upon the defendant to answer the bill; and if he fail to appear and answer the bill on the day specified in the order, the plaintiff shall be entitled to a decree against him for the relief prayed for therein." Sec. 36, provides that: "every material allegation of the bill not controverted by an answer, and every material allegation

1875.
January
Term.

Campbell
v.
Lynch, et als.

of new matter in the answer constituting a claim for affirmative relief, not controverted by a reply, shall, for the purposes of the suit, be taken as true, and no proof thereof shall be required." So far as we may draw an inference from these sections, it is, that the effect of taking a bill for confessed, shall be, to dispense with proofs of its allegations, where the nature of the case will permit. In this state of the law, as found in the adjudications of Virginia, and the legislation of our own State, this Court will follow the authority of the Chancery Court of New York, as given by the Chancellor in the case of Williams vs. Corwin, 1, Hopkins Ch. Rep. 471. His language appears to be well considered, and is as follows :

"When the allegations of a bill are distinct and positive, and the bill is confessed, such allegations are taken as true, without proof."

The bill, when confessed by the default of the Defendant, is taken to be true in all matters alleged with sufficient certainty ; but in respect to all matters not alleged with due certainty, or subjects, which from their nature, and the course of the Court, require an examination of details, the obligation to furnish proofs, rests on the Complainant. The Complainant in that case, is accordingly, not bound to prove those allegations of his bill, which are distinct and positive." A bill therefore taken for confessed in such cases, will dispense with proofs. If this rule should be regarded as too stringent in practice ; if, in the language of Judge Carr, in the case hereinbefore cited, when speaking of a kindred subject, it is calculated to "entrap incautious defendants," a legislative remedy can be readily secured.

In the case under consideration, the bill was taken for confessed, and a decree entered against the Defendants, Wm. Lynch and Charles S. Archey, for the amount of the notes or bonds with the interest, of which they had obtained the wrongful possession. The bill alleges that

these notes or bonds had been destroyed; restoration therefore was impossible, and the Court decreed the proper relief in the payment of their amount to the Plaintiff.

This case is brought to this Court on an appeal from the decree or action of the Circuit Court, overruling a motion made to the Court, after due notice given to the Plaintiff, to reverse and set aside its decree. This notice was given, and motion made under sections 5 and 6, ch. 134 of the Code. This course was proper and requisite in order to give this Court jurisdiction of the case.

Under the principles herein set forth, the decree of the Circuit Court is affirmed against the Defendants, William Lynch and Charles S. Archey, with damages and costs to the Appellee.

HAYMOND, PRESIDENT, and MOORE, JUDGE, concur with PAULL, JUDGE, in the reasons assigned and points decided.