# CHARLESTON

### RICHARDSON *v.* EBERT.

Submitted January 29, 1907. Decided March 12, 1907.

1. EQUITY—*Pleading—Exhibits—Variance.*

A bill in equity states a judgment as of one date, the copy of the judgment exhibited with the bill gives the judgment another. The mistake in the bill is immaterial. The court should go by the date given in such copy. (p. 524.)

2. SAME—*Correction.*

Documents made exhibits in a bill or other chancery pleading are parts of such pleading, and a court is not bound to accept as true or correct what such pleading states the documents to be, or their effect, but may go by such documents themselves, and treat as corrected mistakes in such pleadings by such documents. (p. 525.)

(POFFENBARGER and MILLER, JUDGES, Absent.)

Appeal from Circuit Court, Wood County.

Bill by William Richardson against Charles B. Ebert. Decree for plaintiff, and defendant appeals.

*Affirmed.*

McCLUER & McCLUER, for appellant.
W. N. MILLER, for appellee.

BRANNON, JUDGE:

William Richardson brought a chancery suit in Wood county against Charles B. Ebert to enforce against Ebert's land the lien of a judgment. The defendant demurred to the bill, but his demurrer was overruled, and a decree made for the sale of the land to pay the judgment, and Ebert appeals.

One objection made to the decree is, that no execution was returned "no property found" before the institution of the suit, as required by Code, 1899, chapter 139, section 7. This argument is predicated on the fact that the bill avers a judgment recovered 23d September, 1905, with interest from that date, and that execution issued on it 4th December, 1905, when

a copy of the execution made an exhibit of the bill shows an execution dated 6th December, 1905, and was on a judgment dating 13th October, 1905, inferable only from the fact that it calls for interest from that date; hence the execution alleged to have issued was not on the same judgment on which the bill rested, and thus there was no execution shown to have issued. The bill exhibits a copy of the judgment dating 18th October, 1905, instead of 29th September, 1905, describing the judgment as for the same amounts of principal and costs as stated in the bill, calling for interest, not from the same date as the bill, but the same date as the execution, 13th October, 1905. Here is discrepancy. How remedied? An exhibit is a part of the bill. The judgment is the best evidence of its date and the date from which interest runs. We must not allow a clerical error or mistake in giving wrong dates in the bill, to overrule the judgment itself. We must go by it, treat the bill as if it had given those dates given by the judgment. *Kester* v. *Lyon*, 40 W. Va. 161. The court is not bound to accept as true a date given by a bill in passing on bill and exhibits, but may go by the exhibit. *Lockhead* v. *Berkeley Springs Co.*, 40 W. Va. 553. Especially where the exhibit is the higher evidence. Doing this we have a judgment dating 18th October, 1905, for $800 principal and $71.90 costs, the sums stated in both bill and execution, the principal bearing interest from 13th October, 1905, as stated in judgment and execution. The execution does not date the judgment. Thus correcting the errors in the bill, and making it one based on the judgment described truly in the copy, we find the execution to be on that judgment. The court allowed the bill to be amended, so as to allege the date of execution 6th in place of 4th December, 1905, thus harmonizing bill with execution.

Another objection is, that endorsements on the execution show that the sheriff received the execution on 4th December, and returned it the same day, which would antedate the execution. This could not be. If it so appeared to us, we would say it was an error of the sheriff in giving date, and the fact of the return "no property found" would stand as made after the date of the execution. But, in fact, we know

nothing of the date 4th December, as the record before us gives the date 7th December.

Another objection is, that the execution went into the hands of the sheriff and was returned on the same day. If true, the fact would be immaterial, as a sheriff may return before the return day. He may be liable to a creditor for hasty action, want of diligent search for property; but it does not nullify the return for such a purpose as is involved in this case. *Findley* v. *Smith*, 42 W. Va. 299. But the fact of receipt and return of the execution on same day is not shown. The first endorsement on the execution is: "Received Dec. 7th, 1905, W. H. Carter, S. W. C." The next, "Returned No property found. W. H. Carter, S. W. C." So far as the endorsement shows the return may have been on the return day of the execution. There is a signature to each endorsement. They are separate.

Another objection is, that the defendant's exception to the report of the commissioner finding that the several parcels of real estate of Ebert would not satisfy the debt in five years by renting, was overruled, The bill alleged that they would not. This allegation must be taken for admitted by the demurrer, and by reason of there being no answer denying it. Code, chapter 125, section 36. Besides, the evidence before the commissioner proves it fairly. And a report on evidence by a commissioner confirmed by the court is not to be reversed, unless very plainly wrong.

There is another assignment of error based on the fact that the decree gives the sale commissioner discretion as to which parcels of reality he would sell, the decree being to sell so much as would pay the decree. This assignment is not argued in the brief. It is not tenable. The commissioner only receives bids. The court acts on them. Any improper action by the commissioner can be considered when his report comes in.

We affirm the decree.

*Affirmed.*