# CHARLESTON

ARMSTRONG, CRISLIP, DAY & Co. v. PAINTER *et als.*

Submitted November 24, 1914.    Decided December 22, 1914.

1. EQUITY—*Decree—Conformity to Proof.*

   In a lien creditors' suit under the provisions of sec. 7, ch. 139, Code, serial sec. 5099, claimants of liens, who have not asserted their claims by pleadings of any kind, whether formal parties or not, must, in order to have their claims allowed and provided for in the decree, appear and prove them. (p. 398).

2. SAME—*Decree—Conformity to Pleading.*

   On a bill taken for confessed in such a suit, provision in the decree for a lien not asserted or claimed by any pleading nor by appearance and proof is an error apparent on the face of the record, though such

·                          75 W. Va.

lien was reported by the commissioner to whom the cause was referred.    (p. 396).

3.  CREDITOR'S SUIT—*Allowance of Lien—Decree.*
    If a lien in such suit has not been claimed by any pleading in the cause, the report of the commissioner should show the claimant or holder thereof appeared and proved it.    (p. 399).

4.  MORTGAGES—*Foreclosure—Evidence.*
    Full proof of a trust deed or mortgage lien requires production of the note secured, if there was one, or an excuse for its non-production.    (p. 399).

5.  EQUITY—*Opening of Decree.*
    A motion by the debtor, under sec. 5, ch. 134, Code, serial sec. 4979, to reverse a decree on a bill taken for confessed, for error in the allowance of a lien not claimed, which, tacitly admitting the lien, claims a credit on the debt by reason of a payment thereon, opens the decree, as to such lien, only so far as to let in the credit.    (p. 400).

. 6.  APPEAL AND ERROR—*Decision on Reversal—Enforcement of Original Decree—Creditor's Suit.*
    On reversal of the decree allowing such credit, on an appeal, the appellate court will affirm the original decree.    (p. 401).

7.  MORTGAGES—*Payment—Check as Evidence—Probative Effect.*
    A check of the debtor, payable to the lien creditor, dated long before anything was due on the note secured by the deed of trust, bearing a memorandum indicating payment on account of some other transaction, payable to the creditor and showing payment of the amount thereof to him, is insufficient to establish right to a credit on such note.    (p. 401).

Appeal from Circuit Court, Taylor County. ·

Suit by Armstrong, Crislip, Day & Co. against William J. Painter and others.    From decree for defendants, plaintiff appeals.

*Reversed, and decree pro confesso affirmed.*

*John L. Hechmer,* for appellant.

*Warder & Robinson,* for appellees.

POFFENBARGER, JUDGE :

The purpose of this appeal is relief from a decree requiring the appellant to repay to the appellees, a portion of the money previously decreed to him in a lien creditor's suit.    After the

liens had been ascertained by a commissioner and fixed by the court and the real estate sold, the debtors, claiming a credit of $200.00 on one of the debts, the amount of a certain check, and interest thereon, came in, after notice, and moved the court to reverse the decree, in so far as it declared that certain debt to be a first lien on a certain tract of land, and the court, deeming them entitled to the credit and the decree to be erroneous, entered a decree reversing it, in so far as it gave the preference complained of, and decreed, to the debtors, repayment to the extent of the amount of the check and interest thereon, aggregating $266.70. Later, the appellant, pursuant to notice, moved the court to set aside said decree of correction and repayment and the court declining to do so, overruled the motion and confirmed the decree.

The suit was brought to March Rules, 1908, by Armstrong, Crislip, Day & Co., a corporation and judgment creditor, in a small amount, of Wm. J. Painter and Mary J. Painter, partners doing business as J. C. Painter & Bro. The members of the firm owned a good deal of valuable real estate, but were heavily indebted. Clarence A. Painter was made a party because he was a part owner of some of the land. There were numerous judgment liens on the property and deeds of trust, securing other debts, had been placed upon some of it. One of such deeds created a lien on a tract of land containing 225½ acres in favor of Adolphus Armstrong for the sum of $2426.14. The debtors making no formal defense, the bill was taken for confessed and the cause referred to a commissioner by a decree entered, Apr. 28, 1908. A decree entered Oct. 24, 1908, confirmed his report which was not excepted to, fixed the amounts and priorities of the liens and ordered the lands sold. Later the decree of sale was modified so as to provide for division of the land into lots for purposes of sale and the decree, as modified, was executed and the sale confirmed and the purchase money ordered to be distributed by a decree entered, May 8, 1909.

Only the Armstrong debt is affected by the corrective procedure of which complaint is made. Armstrong having died before the suit was brought, A. E. N. Means, Sheriff and as such administrator of his estate, was made a party. Before the motion to correct the decree was made, G. H. A. Kunst

seems to have succeeded Means as administrator. For some reason not made plain by the record, notice of the motion was given to both of them and the decree of repayment is against both as administrators.

Means, sheriff and administrator, was made a party defendant, and the bill exhibits the deed of trust, but is silent as to payment or non-payment of the debt. No evidence as to the existence or amount of the debt, other than the deed of trust, seems to have been considered by the commissioner. He did not return with his report the note or any deposition pertaining to it. In no way does it appear that the administrator appeared before him and asserted any claim under the deed of trust. Nor does the report or any other portion of the record, other than the default recorded, show any admission of the debt or its amount on the part of the defendants. One of them testified as to the market and rental values of the land and another filed an affidavit to establish the propriety of division of the tracts into lots for purposes of the sale. Treating the decree as one upon a bill taken for confessed, and, therefore, susceptible of remedy as to error, though final in character, under the provisions of sec. 5, ch. 134, Code, serial sec. 4979, the court regarded the lack of claim and proof as to the subsistence and amount of the lien as an error apparent on the face of the record, justifying reversal or correction.

In this way, the loose and more or less dangerous practice of reporting all liens disclosed by the records of the clerk's office of the county court, whether presented and claimed or not, is challenged. Of course the bill of a single lien creditor constitutes a basis or foundation for the assertion of all other liens on the same property, but this does not logically dispense with the necessity of demand on the part of such other lienors for the enforcement of their liens, which may be made by a petition or answer or proof of it before the commissioner. Prudence and due regard for the rights of the debtor and such lienors as do present their claims indicate the propriety at least, of the requirement of a demand in some form, on the part of all who are allowed to participate. The record of a lien is not conclusive evidence of continued or subsisting right in him who originally acquired it. He may have

assigned it, or it may have been equitably discharged by payment. If he is required to appear and prove his claim, reasonable provision is thus made against such possibilities.

If, upon the motion made in this cause, the entire record may be examined, lack of any demand for enforcement of the Armstrong lien and of proof of the amount thereof is clearly obvious. The bill filed by another creditor charges the record existence of the lien and exhibits a copy of the deed of trust, but is wholly silent as to whether it belongs to the Armstrong estate or remains unpaid in whole or in part. It says the plaintiff "is not informed" as to that lien. The administrator, though formally made a party defendant, neither answered the bill nor appeared before the commissioner. The bill asserted no claim for the Armstrong estate. It merely recited what the record disclosed and denied knowledge on the part of the plaintiff as to whether that estate was entitled to demand any money by reason thereof. Confession of this allegation, by failure to answer, does not establish the elements of a complete right of recovery, nor does it seem to amount to compliance with the requirements of procedure in creditors suits.

The statute, sec. 7, ch. 139, Code, serial sec. 5099, clearly contemplates action on the part of the lien holder. After having authorized the making of all persons having liens on the property parties, it says "And whether the suit be so brought or not, every such lien holder, whether he be named as a party to the suit or not, or whether he be served with process therein or not, may present, prove and have allowed" any lien he may have against the property. It provides for publication of notice to lien holders and for distribution of proceeds of the rental or sale of the property, "among the several lien holders who have appeared and proved their liens and claims," and expressly bars "the claim of any lien holder who has not appeared and presented his claim," as required by the notice, except as to the surplus, if any, provided he presents it before final decree, and after such decree, bars it forever, as to the proceeds of the sale, as far as any kind of creditors of the debtor are concerned. To obtain any right to charge the property against other lien claimants or even general creditors, a lien holder must present and prove his

claim. This clearly negatives any authority or power in the commissioner or court to allow, as against creditors, any lien not presented and proved, however well satisfied of its existence they may be. It is likewise inconsistent with the view that a bill by one lien creditor is an assertion of the claim of another such creditor and the general tenor of the section, contemplating active assertion of his own right by such lien holder. One whose lien is shown by the bill of another is barred, if he does not present and prove it. *Keck* v. *Allender,* 37 W. Va. 201.

Moreover, judicial award of relief to one who has not in any manner sought it is inconsistent with the whole theory of the judicial system and function. Only in a few exceptional instances, can one person sue or act for another, and, in these, there must be a relation of privity or confidence or representative capacity. None of these subsist between two distinct creditors of a single debtor or holders of liens on a given piece of property. Legally and equitably they are entire strangers between whom the law recognizes a state of hostility.

General principles also require a claimant to prove his claim as well as to assert it actively, even thought no defense is made, except in so far as some equivalent thereof has been substituted by statute. This principle is well stated and illustrated by Chancellor Taylor in Anonymous, 4 Hen. & Munf. 476. He regarded the right of a complainant on a bill taken for confessed as analogous to that of a plaintiff in an action at law, in the event of a judgment by default, who must, at common law, prove his right before he can have final and complete judgment on which execution may issue. Concluding he said: "So that the fair construction of a judgment by default at law, or a bill in equity, taken as confessed, is, that the plaintiff, in either Court, can recover no more than he can entitle himself to by proof, to be obtained according to the course of the Court, which imposes no hardship upon him, as in either Court, in case of an issue, he would have to prove his claim; and the judgment by default at law, or the bill as confessed in equity, only fixes the period, beyond which the plaintiff shall not be delayed in obtaining his proof, and proceeding 'on to a hearing'." A modification

of this ruling was imposed in *Campbell* v. *Lynch,* 6 W. Va. 17, in view of certain statutory alterations of equity procedure. Such proof is no longer necessary as to any matter distinctly and positively alleged in a bill taken for confessed. But all matters not so alleged, must still be established by proof.

As has been shown, no pleading in the cause asserts any claim on behalf of the Armstrong estate. The deed of trust was recited in the bill and exhibited with it merely to show the administrator's apparent interest in the subject matter of the suit, as cause for making him a party. Confession of everything stated in the bill as to that matter fell far short of an admission of any subsisting lien in favor of the estate. Such a liability was neither distinctly and positively alleged nor confessed by failure to appear and plead.

Nor was the copy of the deed of trust exhibited with the bill such proof as the law contemplates. In foreclosure proceedings, the morgagee must produce, in proof of his right, the bond, if there was one, or excuse non-production thereof. *Bergen* v. *Urbahn,* 83 N. Y. 49; *Munoz* v. *Wilson,* 111 N. Y. 301; *O'Bannon* v. *Myer's Ex'rs.,* 36 Ala. 551; *Goodhue* v. *Berrien,* 2 Sandf. Chy. (N. Y.) 630. This rule is a precaution against injury arising from recovery on the mortgage, after loss of all interest therein by assignment of the bond it secures. From necessity of proof of the fact, the necessity of allegation thereof, in some form, follows. The deed of trust in this case recited the execution of the note of the grantors for the amount of the debt it secured and the record is silent as to the ownership of the note.

Inquiry as to whether resort can be had to the evidence filed with the commissioner's report has been postponed and the right assumed thus far, so as to permit full presentation of the foregoing views. A technical rule, forbidding such resort, in the absence of an exception to the report, apparently denies it, but that has been declared and applied only in cases in which defense was made. *Bank of Union* v. *Nickell, Admr.,* 57 W. Va. 57; *Poling* v. *Huffman,* 48 W. Va. 639; *B. & O. R. R. Co.* v. *Vanderwerker,* 44 W. Va. 229; *Ward* v. *Ward's Heirs,* 40 W. Va. 611; *Chapman* v. *McMillan,* 27 W. Va. 220; *Chapman* v. *P. & S. R. R. Co.,* 18 W. Va. 184.

No case in which the rule has been applied to a commissioner's report as to matters arising on a bill taken for confessed is recalled or has been found. Its application in such cases would involve a contradiction in terms. An exception by a party without an appearance would be a legal impossibility and the exception itself would be both an appearance and a defense. Manifestly, therefore, the rule is inapplicable to cases of this class.

Whether, independently of this rule, resort can be had to the evidence, or to the record for disclosure of lack of evidence, is a radically different question, and depends upon the distinction between rights arising out of distinct and positive allegations undenied and requiring no proof, and those dependent upon allegations showing right but failing, by reason of their generality and indefiniteness, to define the extent or limits thereof. In the former class of cases, the implied admission arising out of the default is conclusive, needs no proof and cannot be impeached by any sort of appellate procedure. To get rid of it, resort must be had to a bill of review or a bill to set it aside. *Thomson* v. *Wooster*, 114 U. S. 104. But the defendant in a bill taken for confessed is not precluded from contesting the sufficiency of the bill or from insisting that the averments contained in it do not justify the decree. *Railroad Co.* v. *Trust Co.*; 133 U. S. 83; *Masterson* v. *Howard*, 18 Wall. 99. Since, with the aid or addition of proof, there may be a decree on a bill taken as confessed, so defective in its allegations that a decree cannot be predicated on them alone, *Williams* v. *Corwin*, Hopk. Chy. (N. Y.) 471, *Campbell* v. *Lynch*, 6 W. Va. 17, Anon, 4 N. & M. 476, and the evidence in a chancery cause becomes part of the record, no reason is perceived why a decree so entered may not be impeached for want of such proof as is necessary, by a motion under sec. 5 of ch. 154 of the Code, a proceeding for review as upon an appeal.

However, it is unnecessary to say whether the evidence or lack of evidence can be resorted to upon such a motion as we have under consideration, and the question is left open. Lack of any assertion of claim of a lien, by answer, petition or appearance before the commissioner suffices. The decree in favor of the administrator without such assertion in some

form, disclosed by the record, is an error apparent on the face thereof. Appearance and presentation of the claim is a statutory substitute for a formal pleading by the claimant and should be shown by the commissioner's report, when there is no pleading.

But the decree of correction and repayment erroneously allowed the credit claimed. Only a check for $200.00, bearing this memorandum, "% Land," was relied upon as evidence to establish it. At the date thereof, neither the principal of the note nor any interest thereon was due. Presumptively, therefore, the check was not a payment of anything on account of the lien debt, and the presumption is aided by the memorandum suggesting payment on account of some other transaction between the parties.

Neither the notice nor the motion denied the right of the Armstrong estate to enforce the trust debt against the prop-erty. Such right was tacitly admitted except as to the amount due. Advantage of the error was taken only for the purpose of obtaining indirectly the credit claimed. Failure of proof of right to the credit necessitates reversal of the decree of correction and repayment complained of and affirmance of the decree of Oct. 24, 1908, ascertaining and determining the liens on the property and ordering sale thereof.

*Reversed, and decree pro confesso affirmed.*