## CHARLESTON.

### FURBEE *et al.* v. FOGGIN.

Submitted September 23, 1924. Decided September 30, 1924.

1. EVIDENCE—*To Support Commissioner's Deed Offered as Evidence of Title, Production of Decree and Proceedings Sufficient as Against Party.*

   In order to support a deed offered as evidence of title in an ejectment suit, which deed was made by a special commissioner, in pursuance of a decree entered in a suit wherein defendant in ejectment was a party, plaintiff is not required to produce more than the decree and the proceedings in conformity with it. (p. 268).

   (Evidence, 22 C. J. § 929.)

2. SAME—*As Against Stranger to Suit Authorizing Commissioner's Deed, Enough of Record to Show Essential Facts Must be Produced.*

   Where defendant in ejectment was a stranger to the suit in which the special commissioner's deed was authorized and made, the rule is that all of the record must be produced, or enough thereof to show that the parties holding title to the land conveyed by the deed, and also the land itself, were before the court, and that the land was decreed to be sold, was sold, the sale confirmed, and the deed authorized. (p. 271).

   (Evidence, 22 C. J. § 929.)

3. TAXATION—*Title of One Ousted From Possession not Forfeited Because of Failure to Pay Taxes for Five Consecutive Years.*

   Where land has been sold by decree of a court having jurisdiction thereof and of the parties in interest, and deed made therefor and regularly transferred to a stranger for value who

obtains possession of the land, and afterwards the decree and confirmation of sale are set aside for error, without notice to the stranger holding the title, and a resale is directed and made, at which a party to the suit becomes the purchaser, receives a deed therefor, ousts the stranger of his possession, and enters the land for taxation and pays all taxes thereon, the title of the stranger is not forfeited because he has failed to enter the land for taxation and has failed to pay the taxes for five consecutive years.   (p. 272).

(Taxation, 37 Cyc. p. 1548.)

4.   SAME—*Forfeiture of Claim of Title Will not be Made Because of Nonpayment of Taxes if Other Claimant Pays all Taxes.*

Where there are two claimants of land under the same title, forfeiture to the state of the claim of title of one will not occur because of non-entry and non-payment of taxes for five consecutive years, if the other claimant has entered the land for taxation and paid all taxes.   The state has received her taxes on that land.   The payment of taxes by the one claimant will inure to the benefit of the other and save forfeiture.   (p. 272).

(Taxation, 37 Cyc. p. 1548.)

NOTE:   Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi.

Error to Circuit Court, Wood County.

Action by Sarah Furbee and others against I. Earl Foggin. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*William Beard,* for plaintiff in error.
*Reese Blizzard* and *C. M. Hanna,* for defendants in error.

LIVELY, JUDGE:

At the conclusion of the evidence, defendant, I. Earl Foggin, demurred to the evidence, the plaintiffs joining therein. The jury found a verdict in favor of the plaintiffs as the owners in fee of the lot of land in controversy and assessed the plaintiffs' damages at $500.00, if the court found on demurrer to the evidence that the law was for plaintiffs; otherwise, the jury found for defendant.   The court decided the law in favor of plaintiffs and entered judgment on the verdict as of November 22, 1923, and defendant prosecutes this writ of error from that judgment.

In 1916 this action of ejectment was instituted by H. R. Furbee, now dead, against I. Earl Foggin, alleging in his declaration that he was, on the first day of November, 1911, possessed of an estate in fee simple absolute of the lot in controversy, known as Lot No. 64 in the Stewart's 2nd addition to the City of Parkersburg, situate on East 12th Street, as shown on a plat of that Addition duly recorded in the County Clerk's Office; and being so possessed, defendant on the 20th day of June, 1913, entered upon the same and unlawfully withholds from him the posseession thereof, to his damage of $1,500.00. On July 11, 1916, defendant, Earl Foggin, obtained a temporary injunction against the prosecution of the action of ejectment. Nothing further was done in that action until after the injunction suit was determined by this court on October 4, 1921. See *Foggin* v. *Furbee,* 89 W. Va. 170. On April 24, 1922 the death of H. R. Furbee was suggested and the action proceeded in the name of the plaintiffs, his widow and his children, who claim to be devisees under his will, of the lot.

This controversy originated in a suit for divorce instituted in the year 1909, by Marie E. Foggin v. Ernest M. Foggin, in which an attachment was issued and levied upon the lot in controversy ,and a notice of lis pendens filed and recorded in the Clerk's Office of the County Court of Wood County. On November 7, 1910 a decree was entered directing sale of the house and lot, based on the attachment. Before this order of sale, it appears that an amended and supplemental bill was filed, making Samuel D. Foggin, I. Earl Foggin, Eugene Foggin, Mary Foggin, L. C. Peterson, the Citizens Building Association, a corporation, S. F. Ross, W. P. Flaherty, Trustee, W. W. Jackson and Pearl Z. Nehart, parties, the object of which was to set aside as fraudulent certain deeds made to the lot in controversy, the last of which was to Mary Foggin, dated October 20, 1910. No appearance was made to either of the bills, and the deeds alleged to have been fraudulent, from Flaherty, Trustee, to Ross and from Ross and wife to Mary Foggin, were set aside as fraudulent and made with the intent to hinder, delay and defraud plaintiff in the collection of her decretal judgment, and adjudicating that Ernest M. Foggin (defaulting husband), was the

real owner of the property. The decree directed a sale of the
property to be made by a commissioner in satisfaction of plain-
tiff's judgment. A sale was made after due advertisement,
and the property was purchased by Marie E. Foggin, the
plaintiff in the divorce suit, and upon the coming in of a
report of sale it was confirmed and a deed directed to be
made to her, which deed was made and acknowledged on the
21st day of August, 1911, and was recorded on September 20,
1911 in the County Court Clerk's Office of Wood County. A
writ of possession was awarded her, and she was placed in
possession on September 20, 1911. On that day Samuel D.
Foggin and Mary Foggin, his wife (the father and mother of
Ernest Foggin and of defendant, I. Earl Foggin), who were
in possession at that time, leased in writing, the house and
lot from Marie Foggin. On the following day, Marie E.
Foggin deeded the property to J. L. Shriver, and the rental
lease was transferred to him. By deed dated November 1,
1911, Shriver conveyed the property to H. R. Furbee; this
deed was acknowledged on November 6, 1911, and was re-
corded on the 13th day of that month. On November 6, 1911,
Mary Foggin and Samuel D. Foggin served notice on Marie
E. Foggin that on the 10th day of November they would
move the Intermediate Court of Marion County to reverse
and annul the decree which directed a sale of the property.
Neither Shriver nor Furbee were served with this notice. On
February 10, 1912, the Intermediate Court modified the de-
cree, finding error therein because it had directed a sale of
the property at the front door of the court house of Marion
County instead of at the front door of the court house of
Wood County, but affirmed the decree in all other respects.
The subsequent decree which confirmed the sale theretofore
made to Marie E. Foggin was set aside; and the commissioner
was directed to resell the property, after advertising it, at
the front door of the court house in Wood County. At that
sale defendant, I. Earl Foggin, became the purchaser for the
sum of $810.00. This sale was reported and confirmed and
a deed directed to be made to the purchaser, which deed was
made and acknowledged on June 20, 1913, and recorded in
Wood County on the 23rd day of June, 1913. Thus it ap-
pears that both H. R. Furbee, the plaintiff, and I. Earl Fog-

gin, the defendant, obtained deeds for the identical property formerly belonging to Ernest M. Foggin, in the chancery proceeding to sell the same in the Intermediate Court of Marion County. Each of them is claiming that he has superior title by reason of these respective deeds. Upon obtaining his deed, I. Earl Foggin assumed possession of the house and lot, and has remained in possession, paying all taxes thereon and making improvements on the house. Upon refusal to give possession and refusal to pay rent under the rental contract, Furbee instituted this action of ejectment in 1916. By reference to the case of *Foggin* v. *Furbee,* 89 W. Va. 170, it will be seen that the plaintiff therein, I. Earl Foggin, who is the defendant in this action of ejectment, sought to have Furbee's deed set aside and cancelled as a cloud upon his title, on the ground that Furbee, when he purchased the lot from Shriver, was a pendente lite purchaser and was not entitled to notice and to a judicial hearing respecting his claim of title, in the divorce proceeding. It will be noted that neither Shriver, who had obtained the deed from Marie Foggin, nor Furbee, to whom Shriver had deeded the lot, had notice of the motion or proceedings to set aside and vacate the decree under which Marie Foggin obtained her deed. It was sought to be shown that they had actual notice. In this he failed. This court held that the subsequent reversal of the decree did not affect the outstanding title in a stranger who was not made a party to the suit, and that restitution of the title was not effected, and the title remained in him. The decree and confirmation of the sale terminated the suit, and the purchases by Shriver and Furbee were made while there was no suit pending, therefore, they were not pendente lite purchasers. It will be observed also that Furbee's deed was sought to be set aside on the additional ground that he had forfeited his title by non entry of the property for taxation and non payment of the taxes thereon for a period of more than five years occurring during the pendency of the suit, and that whatever title he had was automatically transferred under the Constitution of West Virginia to Earl Foggin, the plaintiff (the defendant herein).

Plaintiffs to maintain their title introduced the deed from the commissioner to Marie Foggin, the deed from her to

Shriver, and the deed from the latter to Furbee; the will of H. R. Furbee duly probated; the deed from the special commissioner to defendant, Earl Foggin, and the various decrees authorizing and confirming the sales; the attachment issued and levied November 8, 1909; a part of the record of the Intermediate Court showing that the object of the amended bill was to set aside as fraudulent the conveyances ending in a deed to Mary Foggin; the process on the amended bill, showing that all parties defendant were served; the writ of possession and its execution; the rental lease; the petition for alimony and suit money; the motion to reverse the decree of sale to Marie Foggin and to declare of no effect the decree of May 22, 1911, directing the sale of the property, and to reverse all subsequent decrees, which notice of motion was signed by Mary and Samuel Foggin and S. F. Ross; the decree finding error in the former decree of May 22, 1911, in that it directed sale of the property in Marion County instead of in Wood County, and setting aside the confirmation of the former sale to Marie Foggin, but confirming that decree in all other respects, and directing a resale in Wood County; the report of the commissioner of the sale in Wood County, confirmation thereof and direction to execute a deed to Earl Foggin; the decree granting Marie Foggin an absolute divorce; and the decree enjoining Furbee from prosecuting the ejectment suit. Plaintiffs then introduced defendant, Earl Foggin, to show that he had lived on the property and had possession thereof since May 20, 1912. Plaintiff also introduced a deed from Homer M. Shultz to Ernest M. Foggin, dated the 3rd day of February, 1906, for the property in controversy.

Defendant, over objection of plaintiffs, showed by the Deputy County Clerk of Wood County that the property had been assessed to E. M. Foggin in the year 1910, the land book showing that it was purchased from H. M. Shultz; that it was assessed to Marie E. Foggin in 1911; to H. R. Furbee in 1912 and 1913; and since that time to the defendant, I. Earl Foggin. Defendant then testified that he had been in possession, as above set out, and had purchased the same and received a deed from Harry Shaw, Special Commissioner. By

Harry Shaw he showed that H. R. Furbee was present at the second judicial sale, and bid on the property.

The evidence of the rental value of the property introduced by plaintiffs to show their damages, is omitted because no controversy arises over the amount of damages ascertained by the jury.

On this evidence plaintiff in error asserts that the trial court committed error: (1) because plaintiffs' evidence wholly failed to connect themselves in any way with the legal title to the house and lot and right to the possession thereof. It is asserted that the will of H. R. Furbee introduced in evidence, does not refer in any specific way to the particular lot; that the will only disposed of such property as was owned by the testator at the time of his death on December 24, 1920, and that the evidence shows that his claim to this lot had been abandoned by him, and he had allowed it to be forfeited to the state by his failure to pay taxes thereon. The will expressly makes disposition of all of the testator's property, real, personal or mixed, of which he died seized or possessed or to which he was in any wise entitled. After disposing of his residence in the City of Mannington to his wife, together with all his household goods and furniture and all personal property therein, all of the rest and residue of the estate of every kind, is devised and bequeathed to the testator's wife, Sarah J. Furbee, and to his children, Adelle C. Alder, Russel L. Furbee, Naomi Furbee and Howard R. Furbee, Jr., to be divided equally between them, that is, one-fifth to each. These persons just named are the plaintiffs in whose names the suit was revived and proceeded with after the suggestion of the death of H. R. Furbee, their ancestor. The will clearly and specifically grants to them whatever title H. R. Furbee had to the lot in controversy. There was no abandonment of his claim to the lot. His action of ejectment was still pending.

The next assignment of error (2) is that plaintiffs wholly failed to connect themselves with the title from the State or with a title of a common source with defendant. It is plain that plaintiffs did not attempt to trace title back to the State, relying upon their evidence to show title from a common source, namely, the title of Ernest M. Foggin, the former

husband of Marie Foggin. It is quite evident that both plaintiffs and defendant claim the title of Ernest M. Foggin. No other title would have been derived by either of them in the chancery suit in the Intermediate Court of Marion County. That suit had for its primary purpose the securing of a divorce by Marie Foggin from her husband, Ernest Foggin; and to assert her claim for alimony and suit money against this lot. She, by attachment and proceedings thereunder, sold the lot in question, which the court ascertained to be the property owned solely by her husband, Ernest Foggin. It is difficult to see what other title could have been sold. No one claimed it except defendant's mother, Mary Foggin, and her title was held to be fraudulent and void as to Marie Foggin's decretal judgment. The point is raised that this decree which sets aside her deed as fraudulent and inoperative in so far as Marie Foggin's decretal judgment is concerned, did not absolutely destroy the title of Mary Foggin. That may be true, and if she had paid off and discharged the decretal judgment, then there would have been no sale of the lot. When it was sold under the decree the entire title to the lot passed to the purchaser. It is difficult to see how Earl Foggin could have obtained any other title than that of Ernest Foggin, and yet it is claimed that the sale to him transferred to him whatever title his mother, Mary Foggin had by virtue of her deed from Ross. It is quite clear, as was decided by this court in *Foggin* v. *Furbee,* 89 W. Va. 170, that both plaintiff and defendant are claiming under the Ernest Foggin title. There can be no splitting of the title between Ernest Foggin and his mother, Mary Foggin; and it took all of the lot to partially settle the judgment of Marie Foggin. There is no outstanding title in Mary Foggin by virtue of the deeds from the trustee of the Building Association to Ross and from Ross to her. It was taken from her by the judicial sale. If her alleged title is relied upon as an outstanding title, it is incumbent upon defendant to show it to be a subsisting title, better than that of plaintiffs. *Maxwell* v. *Cunningham,* 50 W. Va. 298; *Parkersburg &c.* v. *Shultz,* 43 W. Va. 470. This he has failed to do. It is argued that the decree of May 22, 1911 was not properly admissible in support of the deed from the special commissioner to Marie Foggin, because the

record of the case in which the decree was rendered introduced no evidence showing distinct and positive allegations and proof which would justify that decree. The cases of *Campbell* v. *Lynch,* 6 W. Va. 17; *Marling* v. *Marling,* 9 W. Va. 79; *Waggoner* v. *Wolf,* 28 W. Va. 820; and *Ronk* v. *Higginbotham,* 54 W. Va. 137, are relied upon to support the proposition that the whole record or a sufficient part thereof should have been introduced showing distinct and positive allegations and proof on which the decree was justified. The cases of *Campbell* v. *Lynch* and *Marling* v. *Marling* are to the effect that when the allegations of a bill are distinct and positive and the bill is confessed such allegations are taken as true without proof; but as to matters not alleged with due certainty, or subjects which from their nature require an examination, an obligation rests upon the plaintiff to furnish proof. The decrees in both these cases cited were under review, and the question at issue was whether the facts stated in the pleadings and not controverted were sufficiently and clearly alleged so as to avoid the necessity of proof. They have little relevancy to the evidential value of the decree of the Intermediate Court offered in support of the commissioner's deed made under authority thereof. Moreover, we find in the petition of Marie Foggin for alimony and suit money, introduced by plaintiff, direct and positive allegations of what was contained in her original bill, and stating her necessity for support and her destitute condition, which not being controverted, would authorize the amount of the decree. The Waggoner and Ronk cases cited, are to the effect that where a commissioner's deed is offered in an ejectment suit as a link in the chain of title, it is necessary to introduce with it so much of the record of the suit in which the decree was entered directing it to be made, as will satisfactorily show that the persons holding the legal title to the land conveyed were parties to the suit; and as will sufficiently identify the land. The same requirements are accentuated in *Wilson* v. *Braden,* 48 W. Va. 200, 36 S. E. 367. All that is necessary to sustain the commissioner's deed as a link in the chain of title is that a sufficient part of the record must accompany the deed to show that the parties interested in the land and had the title thereto were before the court as well as the iden-

tical subject matter which is conveyed in the deed and described in the decree which authorized the deed. As stated by Judge BRANNON in *Wilson* v. *Braden,* 48 W. Va. 200, the deed "must be accompanied by either the whole record of the cause, or enough to show that the parties holding title affected by the deed, and also the land itself, were before the court, and that it was decreed to be sold, and was sold, and the sale confirmed by the court, and that authority was given by the decree to the commissioner to make the conveyance." Where a special commissioner's deed is offered in proving title and the defendant was a party to the suit or proceeding in which the land was sold, or decreed to be conveyed, plaintiff is not required to produce more than the decree, and proceedings in conformity with it. *Wynn* v. *Harman,* 5 Grat. 166; *Masters* v. *Varner,* 5 Grat. 168; *Shanks* v. *Lancaster,* 5 Grat. 111. The process on the amended bill of Marie Foggin makes I. Earl Foggin a party and he was served; and the decree recites that he was served and made no appearance.

Where defendant in ejectment is a stranger to the suit in which the land in controversy was decreed to be sold or conveyed, the general rule is that the whole record must be produced, in order to make the deed a connecting link in the chain of title. *Smith* v. *Chapman,* 10 Grat. 445; *Alderson* v. *Miller,* 15 Grat. 279; 1 Greenleaf Ev. Secs. 510, 511. In *Winding Gulf Col. Co.* v. *Campbell,* 72 W. Va. 449; 78 S. E. 384, we said: "As the basis for the introduction of a deed made in execution of a decree of partition of title, it suffices to show, by the orders made and entered in the cause, that the court rendering the decree and authorizing the deed had before it the subject matter of the suit and parties."

The process, attachment, orders, reports and decrees show conclusively that the parties holding title to the lot in controversy, and the lot itself, were before the court; that the lot was decreed to be sold; was sold and the sale confirmed, and the deed directed to be made. The court had jurisdiction of the subject matter and the parties, as was held in *Foggin* v. *Furbee,* 89 W. Va. 170 (12th point in syl.) The presumption is that its proceedings were regular. *Smith* v. *Henning,* 10 W. Va. 596. The deed was properly admitted as evidence of plaintiffs' title. When defendant purchased at the sec-

ond judicial sale he took whatever title the court could then give him. The rule of caveat emptor applied to him. He was bound to take notice that the lot had been sold to Marie Foggin and a deed authorized to be made to her. He was bound to know that she could transfer her title to an innocent purchaser for value, and that such purchaser, a stranger to the cause, would have the legal title unaffected by subsequent reversal of the decree of sale for error. *Dunfee* v. *Childs*, 59 W. Va. 226.

The remaining point of error (3) is, that plaintiffs' title was forfeited to the State for non assessment and non payment of taxes for more than five successive years and vested in defendant who had been in possession under color of title during that time and had paid all taxes.

There is but one title involved, that of Ernest Foggin, Both parties claim under that title. The contention is made that defendant claims under the Mary Foggin title which she derived by reason of deeds from the trustee of the building association to Ross, and from the latter to her, and not set aside except in so far as they, by reason of fraud in law and fact, affected Marie Foggin's decretal judgment; and that this Mary Foggin title was transferred to defendant when he purchased at the second judicial sale. If her title could be transferred in that way, it had already passed to Furbee by virtue of the first judicial sale. Payment of taxes by one claimant to the same title prevents forfeiture. *Foggin* v. *Furbee*, 89 W. Va. 170, citing *State* v. *West Branch Lumber Company*, 64 W. Va. 673 and other cases of like import. Plaintiffs assert that this identical point of error was raised and decided in *Foggin* v. *Furbee* and is res judicata. It is unnecessary to pass on that contention, for it is clear from the evidence that both parties claim under the Ernest Foggin title. Whether the taxes paid by defendant, and his claim for improvements were considered and adjusted by the jury in awarding damages cannot be determined. The evidence on the question of damages is not found in the record.

The judgment is affirmed.

*Affirmed.*