# CHARLESTON.

AMERICAN REALTY COMPANY *v.* EUGENE LOPINSKY

(No. 5640)

Submitted May 18, 1926.        Decided June 8, 1926.

1. EQUITY—

To support a decree pro confesso, the bill upon its face must state a good cause for equitable relief and be sufficient to stand the test of a demurrer.   (p. 745.)
   (Equity, 21 C. J. § 949.)

2. SAME—

A bill for specific performance, to support a default decree, must state facts sufficiently definite and certain to enable the court to draft its decree from the averments.   (p. 745.)
   (Equity, 21 C. J. § 948.)

3. SPECIFIC PERFORMANCE—

A bill for specific performance of a contract to convey real property, purporting to exhibit the contract relied on, not found in the record, but which alleges neither the date of the contract nor the time for performance, is subject to demurrer.   (p. 746.)
   (Special Performance, 36 Cyc. p. 775.)

4.  EQUITY—*Defendant May as Matter of Right File Answer at Any Time Before Final Decree (Code, c. 125, §35).*

By virtue of section 53 of chapter 125 of the Code, a defendant may as a matter of right file his answer at any time before final decree.   (p. 747.)

LIVELY, WOODS, JUDGES, absent.

(Equity, 21 C. J. § 549.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Raleigh County.

Suit by the American Realty Company against Eugene Lopinsky.   From two adverse decrees, defendant appeals.

*Reversed and remanded.*

*Dillon & Mahan,* for appellant.

*Herbert Stansbury, Carl C. Sanders,* and *C. M. Ward,* for appellee.

MILLER, JUDGE:

By this suit plaintiff sought specific performance of an alleged contract for the sale and purchase of real property. Defendant has appealed from two decrees entered by the circuit court.

The bill alleges that on the 21st day of May 1924, plaintiff was the owner of a certain parcel of land in Raleigh County, West Virginia, described as being the same tract conveyed to it by one E. L. Ellison, by deed dated May 20, 1921, recorded in the office of the clerk of the county court of Raleigh County, West Virginia, in Deed Book No. 75, at page 117, to which reference was thereby made for a more particular description of the land.

The second paragraph of the bill alleges that the plaintiff contracted in writing to and with one Eugene Lopinsky to sell to him said property for the sum of $13,000.00, of which the sum of $6,500.00 was to be paid by him upon the delivery to him of a good and sufficient deed, and the residue in two equal installments, to be evidenced by notes payable in six and twelve months after date, with interest, the purchaser to give a lien on the property to secure said notes.   A copy of the contract relied on is alleged to be filed

with the bill, as "Exhibit A," to be read as a part thereof.

The third paragraph of the bill alleges that on the ... day of ........, 1924, the defendant "agreed in writing to purchase said property on the conditions that the terms of purchase were to be made in three yearly payments; and a cash payment of Three Thousand Two Hundred and Fifty ($3,-250.00) Dollars on the delivery of an apt and proper deed and no other modifications were made of the said contract, a copy of which letter of acceptance is herewith filed and marked for identification 'Exhibit B'."

The next paragraph alleges that on the ... day of ......, 1924, plaintiff accepted the modifications of said written contract and tendered to defendant possession of the premises aforesaid, and at the same time offered to deliver a good and sufficient deed, duly signed and acknowledged, which he refused to accept.

The bill prays that defendant be compelled to perform and comply with the contract on his part, to accept the deed tendered him, to pay the cash and to execute bonds as contracted for, or to take possession of the said property.

The exhibits called for in the bill do not appear in the record transmitted to this court.

Defendant was served with process, but made no appearance. The court, by a default decree entered June 18, 1925, found that plaintiff was entitled to the relief prayed for in its bill, and that the sum of $6,500.00 was then due and owing from the defendant to the plaintiff, which was ordered to be paid within thirty days, and directed that defendant execute his two several notes, for the sum of $3,250.00 each to the plaintiff, payable in two and three years from the 21st day of May 1924.

Later defendant gave notice, pursuant to section 5 of chapter 134 of the Code, that on a certain day he would move the court to set aside the default decree against him, assigning five several grounds therefor. The court was of opinion that the decree of June 18, 1925, was not in accordance with the allegations of plaintiff's bill, and modified said decree as to the terms of payment required of defend-

ant, ordering him to pay the sum of $3,250.00 within thirty days, and to execute three notes or bonds for $3,250.00 each, payable in one, two and three years from that date, December 19, 1925. At the same time defendant tendered his demurrer and answer to the bill; but the court refused to permit him to demur or answer.

Plaintiff contends, and our decisions hold, that where a motion is made under section 5, chapter 134 of the Code, to reverse a decree pronounced upon a bill taken for confessed, the court before which such motion is made should reverse the decree for any error for which the Supreme Court might reverse it, and give such decree as ought to be given upon the record as it exists at the time the motion is made; and that upon the reversal of such decree, the defendant is not entitled to file his answer or make defense to the bill. *Ferrell* v. *Camden,* 57 W. Va. 401; *Hornor* v. *Life,* 76 W. Va. 231

By his motion in the court below, and in his petition on this appeal, the defendant challenges the sufficiency of the bill to support a decree pro confesso.

To support a decree pro confesso, the bill upon its face must state a good cause for equitable relief, and must be sufficient to stand the test of a demurrer. *Morgan* v. *Ice,* 80 W. Va. 273, and cases cited.

As stated, the exhibits purported to be filed with the bill do not appear in the record; and no order of the court makes mention of them. Plaintiff's counsel argue that we must presume the exhibits were filed, and that the lower court acted upon the bill and exhibits in finding that plaintiff was entitled to the relief prayed for. But the clerk of the circuit court certifies that the record now before us is "a complete transcript of the record" as it appears in his office. If the exhibits had been filed, they would necessarily be a part of the record. An exhibit filed with an equity pleading becomes a part of it as if bodily incorporated therein. *Richardson* v. *Ebert,* 61 W. Va. 523; *Donahue* v. *Rafferty,* 82 W. Va. 535; *Caswell* v. *Caswell,* 84 W. Va. 575.

Without the exhibits mentioned, is the bill sufficiently complete and certain to support a decree for specific per-

formance? The necessity for accuracy and completeness is greater in bills' for specific performance than in other cases, and vagueness of statement, or indefiniteness, as to matters of substance, is not permitted. A suit in equity is wholly an affirmative proceeding, unlike an action at law, which is founded upon the mere non-performance by the defendant, and this negative conclusion can often be established without determining all the terms of the agreement with exactness. 25 R.C.L. 330; Pomeroy's Specific Performance of Contracts, (3rd ed.) §159; 20 Enc. Plead. & Prac. 435, 440-441. The bill of complaint must state facts which would be sufficient, upon a default, to enable the court to draft its decree from the averments. 36 Cyc. 775.

It will be noted that the bill does not allege the date when the contract was made, or the time when performance thereof was to be had. Plaintiff alleges that on the 21st ·day of May, 1924, it was the owner of the property in question. But the second paragraph of the bill, alleging an option or offer to sell, does not state the date when such an offer was made. The third paragraph alleges that ''on the .. day of ......, 1924,'' defendant agreed to purchase the property on certain conditions as to payment. Then it is alleged that ''on the .. day of ......, 1924,'' plaintiff accepted defendant's ''modifications of the said written contract.''

We think that here the date of the contract is' material, and especially so in view of the provision for the execution of notes or bonds to secure the deferred installments of purchase money. After reviewing the English and American cases on the question, Mr. Pomeroy says: ''The general rule is well settled that, where the contract is not completed until after the time stipulated for that purpose, but the court nevertheless decrees a specific performance, it will adjust the equities of the parties by placing them as far as possible in the same position which they would have occupied had the agreement been completed at the prescribed day, and to that end it will allow to the purchaser the rents and profits, and to the vendor interests upon the purchase price from and after that date.'' There is in the bill noth-

ing to guide the court from what date interest should be allowed the plaintiff, if specific performance be decreed. The interest on the purchase price alleged at six per cent would amount to $65.00 per month, and on the deferred purchase money notes alone, $48.75; and from the averments of the bill the contract may have been made and the property and deed tendered at any time between May 21st and December 31, 1924. The court must have some data from which to determine the time when the defendant became liable on the contract. The difficulty confronting the circuit court is evidenced by the decrees appealed from. By the decree of June 18, 1925, defendant wa's ordered to execute certain notes payable in two and three years from May 21, 1924. And there is no inference that that date should be taken for the time of the completion of the contract; for the bill pleads a subsequent offer and acceptance; and plaintiff does not allege when he accepted defendant's proposition and tendered him the property.

It is true that it is' not always necessary that a written contract be dated, for the reason that intrinsic evidence is admissible to show the true date, or even to overcome the date named in the contract. 2 Page on Contracts (2nd ed.) §1183; 1 Williston on Contracts, §210; *South Penn Oil Co.* v. *Blue Creek Development Co.,* 77 W. Va. 682; *Lewis, Hubbard & Co.* v. *Morton,* 80 W. Va. 137. But, as we have said, a bill for specific performance must state facts sufficient to enable the court to draft a decree from the averments therein. No material fact may be left to be supplied by proof, as in an action at law on contract. Whether plaintiff's purported exhibits would have supplied the facts necessary to make the bill complete and certain, does not appear; but without them it is clearly insufficient to support a default decree for specific performance.

The bill not alleging with due certainty all matters necessary to support a decree for the relief prayed for, the obligation to furnish proof of such matters rested upon the plaintiff, and it was error to enter any decree, without such proof. *Campbell* v. *Lynch,* 6 W. Va. 17; *Marling* v. *Marling,*

9 W. Va. 79; *Furbee* v. *Foggin,* 97 W. Va. 262, 270. The defendant was therefore entitled to file his answer when tendered. A defendant may as a matter of right file his answer at any time before final decree. Code, Ch. 125, sec. 53; *Stoddard* v. *Jarrett,* 76 W. Va. 203; *Snyder* v. *Robinson,* 85 W. Va. 673; *Blumberg Brothers* v. *King,* 98 W. Va. 275.

The decrees appealed from will be reversed, and the cause remanded, with leave to defendant to file his demurrer and answer, and for further proceedings to be had therein in accordance with the rules and principles governing courts of equity.

*Reversed and remanded.*